### In re EPSTEIN.

(District Court, E. D. Michigan, S. D. July 4, 1924.)

#### No. 5540.

Bankruptcy ⊜241(1)—Trustee may examine bankrupt on income tax return.
Under Revenue Act 1921, § 257 (Comp. St. Ann. Supp. 1923, § 6336⅛x), providing that income tax returns shall be public records, but shall be open to inspection only on order of the President and under regulations prescribed by the Secretary of the Treasury and the regulations prescribed thereunder (article 1091[2]), a copy of a return, furnished by the Treasury Department to the trustee in bankruptcy of the person who made it, may be used by him in examining the bankrupt, under Bankruptcy Act, § 7a (Comp. St. § 9591).

In Bankruptcy. In the matter of Louis J. Epstein, bankrupt. On review of order of referee. Reversed and remanded.

Clark, Emmons, Bryant & Klein and Bela J. Lincoln, all of Detroit, Mich., for trustee.

Friedman & Meyers and Seymour J. Frank, all of Detroit, Mich., for bankrupt.

TUTTLE, District Judge. This is a petition by the trustee in bankruptcy herein to review an order of one of the referees denying the right of the trustee to examine the bankrupt concerning an income tax return made by the bankrupt to the United States government; a photostatic copy of such return having previously been duly furnished by the Treasury Department to the trustees, pursuant to the regulations of said department. The certificate of the referee states that:

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"The question presented on the review is: May a trustee in bankruptcy interrogate the bankrupt at a general examination of such bankrupt held under the provisions of the Bankruptcy Act * * * in relation to income tax returns prior to bankruptcy, made by the said bankrupt to the United States government?"

No case has been cited, and the court has found none, in which the precise question here involved was presented for decision. Cases cited on behalf of the bankrupt, such as In re Reid (D. C.) 155 Fed. 933, and In re Valecia Condensed Milk Co., 240 Fed. 310, 153 C. C. A. 236 (C. C. A. 7), holding that public officers forbidden by statute to divulge information concerning tax returns made to them cannot be compelled to testify relative thereto, are clearly inapplicable to the present situation.

As testimony of the bankrupt concerning the contents of the tax return would be incompetent (because secondary) evidence thereof in the absence of a proper foundation therefor, and as the return itself was available for introduction, and therefore no such foundation could be laid, the question essentially involved is whether the trustee in bankruptcy is entitled to introduce such income tax return in evidence without the consent of the bankrupt.

The bankrupt relies upon section 3167 of the United States Revised Statutes, as re-enacted by section 1311 of the Revenue Act of 1921, and again by section 1018 of the Revenue Act of 1924, providing, among other things, that:

"It shall be unlawful for any person to print or publish in any manner whatever, not provided by law, any income return, or any part thereof, or source of income, profits, losses, or expenditures appearing in any income return."

Assuming, without deciding, that to testify concerning an income return is to "publish" it, within the meaning of this statute, is the giving of such testimony by a bankrupt, while under examination by his trustee in bankruptcy in proceedings under the Bankruptcy Act (Comp. St. §§ 9585–9656), a publication of such return in a "manner * * provided by law"?

Section 257 of the Revenue Act of 1921 (Comp. St. Ann. Supp. 1923, § 6336⅛x) which was re-enacted as a part of section 257 of the Revenue Act of 1924, provides that:

"Returns upon which the tax has been determined by the Commissioner shall constitute public records; but they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary and approved by the President."

Pursuant to such provision, regulations have been prescribed by the Secretary and approved by the President, article 1091 of which provides in part as follows:

"1. The original income return of an individual, partnership, corporation, association, joint-stock company, insurance company, or fiduciary, or a copy thereof, may be furnished by the Commissioner of Internal Revenue to a United States attorney for use as evidence before a United States grand jury or in litigation in any court, where the United States is interested in the result, or for use in the preparation for such litigation, or to an attorney connected with the Department of Justice designated to handle such matters, upon written request of the Attorney General, the assistant to the Attorney

General, or an Assistant Attorney General. When an income return or copy thereof is thus furnished, it must be limited in use to the purpose for which it is furnished and is under no conditions to be made public except where publicity necessarily results from such use. In case the original return is necessary, it shall be placed in evidence by the Commissioner of Internal Revenue or by some other officer or employee of the Internal Revenue Bureau designated by the Commissioner for that purpose, and after it has been placed in evidence it shall be returned to the files in the office of the Commissioner in Washington. An original return will be furnished only in exceptional cases, and then only when it is made to appear that the ends of justice may otherwise be defeated. Neither the original nor a copy of an income return, desired for use in litigation in court where the United States government is not interested in the result and where such use might result in making public the information contained therein, will be furnished, except as otherwise provided in the next succeeding paragraph.

"2. A copy of an income return may be furnished by the Commissioner of Internal Revenue to the person who made the return or to his duly constituted attorney, or if the person is deceased, to his executor or administrator; or if the entity is in the hands of a receiver, trustee in bankruptcy, guardian, or similar legal custodian, to the receiver, trustee, or other similar custodian, upon written application for same, accompanied by satisfactory evidence that the applicant comes within this provision. 'The person who made the return,' as herein used, refers in the case of an individual return to the individual whose return is desired."

I am satisfied that the regulations just quoted, fairly and reasonably construed according to their evident intent and meaning, provide for the furnishing by the Commissioner of a copy of an income return to the trustee in bankruptcy of the person who made such return, and for the use of such return by such trustee in examining the bankrupt in proper legal proceedings. Any other interpretation of the language used would render meaningless the words "except as otherwise provided in the next succeeding paragraph," and is, therefore, under settled principles of statutory construction, not to be adopted unless no other construction be reasonably open. That certainly cannot be said here. If the quoted provisions do not permit a trustee in bankruptcy to use an income tax return of the bankrupt for the purpose of examining the latter in court concerning the contents of such return, even after the furnishing thereof to the trustee by the commissioner, neither can a person who has made such a return, and who is not a bankrupt, use such return (though it be his own) for such purpose, however greatly he may desire to testify in relation thereto. It is plain from a reading of the quoted statute and sections 1 and 2 of the regulations in their entirety, that such a result was not intended by Congress or by the Treasury Department officials. Under section 70a of the Bankruptcy Act (Comp. St. § 9654), providing that the trustee of the estate of a bankrupt shall be vested with the title of the bankrupt to "all documents relating to his property," whatever interest or rights the bankrupt had in this return prior to bankruptcy are now held by the trustee in bankruptcy and the bankrupt cannot object to the use of such return by the trustee detrimentally to the bankrupt, even on the ground that the effect of such use would be to compel him to incriminate himself. Johnson v. United States, 228 U. S. 457, 33 Sup. Ct. 572, 57 L. Ed. 919. 47 L. R. A. (N. S.) 263; Ex parte Fuller, 262 U. S. 91, 43 Sup. Ct. 496, 67 L. Ed. 881; Dier v. Banton, 262 U. S. 147, 43 Sup. Ct. 533, 67

L. Ed. 915. I reach the conclusion that the use by a trustee in bankruptcy of a return of his bankrupt, thus permitted by the regulations quoted, extends to and includes its use as a basis for an examination of the bankrupt in court relative to its contents if such examination be, as appears here, otherwise proper.

The foregoing regulations are authorized by section 161 of the United States Revised Statutes (Comp. St. § 235), providing that the head of each executive department may prescribe regulations for the "custody, use and preservation of the records, papers and property appertaining to" such department, Boske v. Comingore, 177 U. S. 459, 20 Sup. Ct. 701, 44 L. Ed. 846; and as the regulations of executive departments prescribed in accordance with statutory authority have the force of and constitute "law," Boske v. Comingore, supra; International Railway Co. v. Davidson, 273 Fed. 153 (C. C. A. 2), I conclude that the use here sought to be made of the income tax return in question is a use "provided by law" within the meaning of the applicable statute already quoted.

There being, then, no statutory prohibition against the introduction of this income tax return in evidence by the trustee in bankruptcy, nor against his examination of the bankrupt in relation thereto, what legal objection is there to such a use of the return in these bankruptcy proceedings? The return having been made and filed by the bankrupt, not as a part or result of any relations of trust or confidence between him and the government officials, but in compliance with the mandatory requirements of the statutes compelling him to do so, it cannot be considered nor treated as a confidential communication in any true legal sense, nor privileged on that account. No good reason has been presented, and none suggests itself to the court, why the bankrupt, while testifying, as he is bound to under the Bankruptcy Act, at an examination "concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate" (under section 7a [Comp. St. § 9591]), or at an examination concerning his "acts, conduct or property" (under section 21a [Comp. St. § 9605]), should not be cross-examined by the trustee in bankruptcy relative to admissions made by him in an income tax return as well as regarding admissions made by him in some other connection. Hines v. Smith, 270 Fed. 132 (C. C. A. 6).

The order of the referee must be set aside, and the cause remanded for further proceedings consistent with the views expressed in this opinion. An order will be entered accordingly.