## In re EPSTEIN.

(Circuit Court of Appeals, Sixth Circuit. March 6, 1925.)

No. 4223.

**1. Bankruptcy ☞241(1)—Bankrupt may be examined on income tax return.**

Where the Commissioner of Internal Revenue has furnished a copy of the income tax return of a bankrupt to his trustee, as authorized by statute and Treasury Department regulations made thereunder, such copy may be used on examination of bankrupt, under Bankruptcy Act, § 7a (Comp. St. § 9591).

**2. Statutes ☞219—Construction by department charged with execution has great weight.**

Courts do not lightly set aside a construction by a department of the government of a statute peculiarly relating to the duties and powers of that department, and particularly is this true in reference to rules and regulations that the department is authorized by statute to make and promulgate for the purpose of carrying the statute into effect.

Petition for Revision of Proceedings of the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

In the matter of Louis J. Epstein, bankrupt. Petition of bankrupt to revise order of District Court. Affirmed.

For opinion below, see 300 F. 407.

William Friedman, of Detroit, Mich. (Seymour J. Frank and Friedman, Meyers & Keys, all of Detroit, Mich., on the brief), for petitioner.

Bela J. Lincoln, of Detroit, Mich. (Clark, Emmons, Bryant & Klein, of Detroit, Mich., on the brief), for respondent.

Before DENISON and DONAHUE, Circuit Judges, and ROSS, District Judge.

DONAHUE, Circuit Judge.   [1] This cause comes into this court upon a petition to revise the order and decree of the District Court in the bankruptcy proceedings reversing and vacating an order of the referee denying the right of the trustee to examine the bankrupt concerning his income tax return made by the bankrupt to the United States for the calendar year 1921. A photostatic copy of the return had theretofore been duly furnished to the trustee in bankruptcy by the United States government pursuant to regulations relating to income tax returns.

Paragraph 2 of article 1091, prescribed by the Treasury Department and approved by the President, provides, among other things, that "if the entity is in the hands of a receiver, trustee in bankruptcy, guardian or similar legal custodian, a copy of an income return may be furnished by the Commissioner of Internal Revenue to such receiver, trustee, or similar custodian upon written application for same, accompanied by satisfactory evidence that the appellant comes within this provision."

[2] While some question may be raised as to the meaning of the word "entity" as used in this paragraph, nevertheless courts do not lightly set aside a construction, by a department of government, of a statute peculiarly relating to the duties and powers of that department, and particularly is this true in reference to rules and regulations that the department is authorized by statute to make and promulgate for the purpose of carrying the statute into effect. Mayes, Collector, v. Paul Jones & Co. (C. C. A.) 270 F. 121, 130.

This court is not advised by the record as to what evidence was furnished by this trustee in bankruptcy in support of his written application for a copy of the bankrupt's income return. It is advised, however, that such copy was furnished to the trustee. The presumption obtains that the evidence accompanying the application was satisfactory to the Commissioner of Internal Revenue and met the requirement of this paragraph of the regulations. Nothing appears in this record to rebut this presumption. This court must therefor assume that a copy of this income return was properly issued to the trustee in bankruptcy, and that it is lawfully in his custody for all and every proper use and purpose of his trust.

The question whether this certified copy of this income tax return can be introduced in evidence upon the examination of the bankrupt, is fully answered by section 1 of article 1091 of regulation 62. That section provides among other things that the original return, or a copy thereof, may be furnished by the Commissioner of Internal Revenue to the United States attorney for use as evidence before the United States grand jury, or in litigation in any court where the United States is interested in the result, and further provides that "neither the original nor a copy of an income return, desired for use in litigation in court where the United States government is not interested in the result and where such use might result in making public the information contained therein, will be furnished, except as otherwise provided in the next succeeding paragraph." The next succeeding paragraph, is paragraph 2, under the provision of which a copy may be furnished to a trustee in bankruptcy.

It clearly appears from the plain and unambiguous language of these two paragraphs of regulation 62 of article 1091 that the Commissioner of Internal Revenue is authorized to furnish a copy of the income tax return to the person making the same, to his executor or administrator, receiver, trustee in bankruptcy, or similar legal custodian for identically the same purposes for which it may be furnished a United States attorney for use as evidence in litigation in any court where the United States is interested in the result; otherwise, the provision authorizing the Commissioner to furnish such copy to the person making the return, his legal representatives, receiver or trustee in bankruptcy where such copy is "desired for use in litigation in court where the United States government is not interested in the result and where such use might result in making public the information contained therein," would be meaningless.

For the reasons stated, the judgment of the District Court is affirmed, and cause remanded.