## LEWY v. UNITED STATES.

Circuit Court of Appeals, Seventh Circuit.
November 30, 1928.

Rehearing Denied December 31, 1928.

No. 4027.

Benson Landon, of Chicago, Ill., for appellant.

Edward J. Hess, of Chicago, Ill., for the United States.

Before EVAN A. EVANS, PAGE, and ANDERSON, Circuit Judges.

PAGE, Circuit Judge. Appellant defendant was convicted on four counts of an indictment charging the use of the mails to defraud by sending false property statements of Lewy Bros. Company (here called Lewy Bros.), a retail jewelry house, to mercantile credit concerns, and to such concerns as should by the statements be induced to sell to Lewy Bros. on credit.

Gruen Watch Company and R. G. Dun & Co. were named in the first count among those to be defrauded, and the 1924 statement is averred to have been sent to Dun & Co. The second count charges a mailing to the Manufacturing Jewelers' Board of Trade of the 1925 statement. The third count alleges the mailing of the 1925 statement to Gruen Watch Company. The fourth count avers the mailing of the 1925 statement to Dun & Co. After the mailing, large quantities of merchandise were purchased by Lewy Bros., and not paid for, and a receiver in bankruptcy was appointed in November, 1925.

It is urged that four account books, used by the government accountant in making the statement of Lewy Bros.' affairs, and one of which was admitted in evidence, were not properly identified as books of Lewy Bros., and were not shown to have been properly kept in the regular course of business. The clerk for the receiver identified the books, one being a private ledger, as those taken by him from Lewy Bros.' office and ever since in the possession of the receiver. The manner in which the books were kept might affect their value as evidence, but it would not affect their competency as against defendant. The identification seems to have been as full as it was in the Bettman Case (C. C. A.) 224 F. 819, 830. One may not be compelled to incriminate himself, neither may he refuse to use evidence available to him, and that does not tend to incriminate him, and then complain that

the evidence, if sufficient to go to the jury, was but slight. The books are not here, but they were before the trial court, and if they were not in fact the books of Lewy Bros. that could probably have been shown by exhibiting them to the court and by the cross-examination of witnesses who were on the stand.

The books were sufficiently identified and the private ledger properly admitted in evidence. There is, therefore, no point in the suggestion that the testimony of the accountant, Brown, should have been stricken from the record. His statement, taken from the books, is in no way contradicted, but the correctness of it and of the books are in some ways corroborated by the capital stock tax returns for 1924 and 1925, made over defendant's signature and sworn to by him on behalf of Lewy Bros.

The contention that those government returns were improperly admitted in evidence, because the statute provides that they are not open to inspection, is not well grounded. Revenue Act 1924, § 257, reads in part: "Returns upon which the tax has been determined by the Commissioner shall constitute public records; but they shall be open to inspection only upon order of the President and under rules and regulations prescribed by the Secretary and approved by the President. * * *" (43 Stat. p. 293).

Treasury Regulations No. 65 shows that the President directed that such returns should be open to inspection in accordance with the regulations prescribed by the Secretary of the Treasury. Treas. Reg. No. 65, art. 1090, p. 192. Regluation No. 14 (page 194 Treas. Reg. No. 65), prescribed by the Secretary of the Treasury, provides: "A person who under these regulations is permitted to inspect a return may make and take a copy thereof or a memorandum of data contained therein."

Article 1091, Treasury Regulations No. 65 (page 195) states: "The original income return * * * or a copy thereof, may be furnished by the Commissioner of Internal Revenue to a United States attorney for use as evidence before a United States grand jury or in litigation in any court, where the United States is interested in the result. * * *"

Section 882 of the Revised Statutes (section 1494 of the Compiled Stats.; 28 USCA § 661) provides for the admission in evidence of copies of any records, etc., of any of the Executive Departments. The returns, sent to the department, were sent as the property of Lewy Bros., and not of defendant. They were properly admitted in evidence.

In re Epstein (D. C.) 300 F. 407, affirmed (C. C. A.) 4 F.(2d) 529.

From the record, there can be no question but that the property statements were false. But it is urged that it does not appear that defendant knew they were false. He was president and general manager, in active charge of the business, and the statements were signed by him. It was his business and his duty to know what the statements contained.

In the 1924 statement, he said to those he intended to induce to become creditors of Lewy Bros., that Lewy Bros. had $21,854.24 in fixtures and $509,556.91 in surplus. In the first government return, filed September 30, 1924, he swore the fixtures were worth only $6,554.41, and the surplus $285,828.25. Four months later, in the 1925 statement, he said the fixtures were worth $20,545 and the surplus was $568,484.27. In the second government return, filed August 31, 1925, he swore that the fixtures were worth $8,151.13, and that the surplus had all disappeared, and that item shows $5,932.89 less than nothing. The evidence shows that defendant converted to his own use $413,474.25 of the corporation's assets, and two other officers had so converted nearly $60,000; the total being nearly five times Lewy Bros.' capital stock. The tax returns show "Good will, loans & adv. to officers," $469,007.23 in 1924, and $358,491.14 in 1925. Those very important facts are not shown on either statement. As supporting the testimony of the accountant, it appears that several of the important items in the capital stock tax returns are identical with those found by him from the books of account.

It is further contended that the evidence does not show that defendant mailed the statements or caused them to be mailed. It is admitted that the statements bear defendant's signature, and that they were received through the mail by R. G. Dun & Co. and Manufacturing Jewelers' Board of Trade, in Chicago, and Gruen Watch Company, in Cincinnati, and that within a week after an agent of the Gruen Watch Company had asked the defendant to send a statement of the business to Gruen, such statement was received. The record shows that with each of the statements, admitted to have been sent, there went a letter, referring to the statement, over defendant's signature as president. It is a matter of common knowledge that property statements are sent to commercial credit rating concerns for the purpose of having them bring the contents thereof to the notice of the selling public, and that they are sent to the selling public

solely for the purpose of establishing credit. In the face of these facts, it is idle to say that it cannot be presumed from them that defendant mailed the statements, or caused them to be mailed. We do not find anything in Freeman v. U. S. (C. C. A.) 20 F.(2d) 748, that seems to us to justify a different conclusion from that here reached.

■ The offer of composition, made within a year after the 1925 statement, was in the nature of a self-serving statement; but, if it was not, it is not clear how an offer in 1926 would show the good intention of defendant in making either the 1924 or the 1925 statement. If the composition offer had gone before the jury, the jury would have been advised that Lewy Bros. had obtained credit on a statement showing over half a million dollars surplus, and then, within the year, without showing any losses, that the concern was in bankruptcy and offering to settle its debts by giving notes, spread over two years, for 50 per cent. of the amount and a class B stock for the other 50 per cent. It would appear that the court, in excluding the composition, was protecting defendant.

We are of opinion that the record shows no error.

Judgment is affirmed.