### FREEMAN v. UNITED STATES.*
### No. 8303.

Circuit Court of Appeals, Fifth Circuit.
April 14, 1938.

*Rehearing denied June 4, 1938.

Howard B. Warren, of Shreveport, La., for appellant.

Harvey G. Fields, U. S. Atty., and J. Fair Hardin and Whitfield Jack, Asst. U. S. Attys., all of Shreveport, La.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a conviction and sentence on nine counts of a ten count indictment, the first five charging use of the mails to defraud, the next four charging violations of the Securities Act § 17, 15 U.S.C.A. § 77q, the last charging a conspiracy to use the mails to defraud and to violate the securities act.

The first count set forth the scheme to defraud in detail. The others charged the scheme by reference to the first count, the reference thereto being sufficiently specific and definite. In charging the jury, the court referred to the description of the scheme as the first count, and told the jury that they must find the defendants guilty on this charge before considering any of the other counts, and that if they found that the scheme had been devised, as laid therein, then they should consider whether or not the defendants had placed or caused to be placed in the mails the letters and documents described and mentioned in the next five counts. The verdict being an acquittal on the first count, appellant contends that, under this instruction, the jury must have found that the defendants had not devised the scheme as charged, and that the verdict amounted to an acquittal on all of the counts.

Aside from the principle that consistency in verdicts is not required (Dunn v. United States, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, 80 A.L.R. 161), we find no inconsistency in this verdict. The charge of the court must be considered as a whole. Le More v. United States, 5 Cir., 253 F. 887; Peters v. United States, 9 Cir., 94 F. 127, certiorari denied 176 U.S. 684, 20 S.Ct. 1026, 44 L.Ed. 638; Colt v. United States, 8 Cir., 190 F. 305, writ of error denied 223 U.S. 729, 32 S.Ct. 527, 56 L.Ed. 633. When so considered, it is evident that reference was made to that part of the first count charging the scheme as the first count. The reference is followed immediately by the statement that the next five counts charge the placing of letters in the post office in furtherance of the scheme. The counts charging the depositing of letters in the mails are counts 1 to 5, inclusive. The court's meaning was evidently understood by the jury. It is only when the apparent meaning is rejected that the instruction becomes inaccurate and the verdict inconsistent. This court will not read into the record an inconsistency in the verdict under the instruction of the court when the record clearly shows that the matter complained of did not prejudice the accused and no. one was misled. 28 U.S.C.A. § 391; Pounds v. United States, 7 Cir., 265 F. 242; Dierkes v. United States, 6 Cir., 274 F. 75, certiorari denied 257 U.S. 646, 42 S.Ct. 55, 66 L.Ed. 414; Leonard v. United States, 6 Cir., 18 F.2d 208; Hooker v. United States, 8 Cir., 21 F.2d 932, certiorari denied 277 U.S. 589, 48 S.Ct. 436, 72 L.Ed. 1002, 1003.

Each of the defendants testified in his own defense, and the court was requested to charge the jury that the testimony of each defendant should be considered only in connection with his own guilt or innocence. For failing so to charge, appellant

assigns error and contends that certain testimony given by one of his codefendants, and inferences drawn therefrom in the argument, operated to his prejudice.

The common-law disability of an accused as a witness in his own behalf was removed by statute, 28 U.S.C.A. § 632. The act does not limit the scope of the testimony or restrict its effect. It simply provides that he shall be competent to testify at his own request, but not otherwise. His testimony is not different from that of any other witness. It may be considered on any issue as to which it is material; and it has the probative value of that of any other witness, subject only to the duty of the jury to consider the circumstances in which it is given and the source from which it emanates. The requested instruction was erroneous and was properly rejected. Benson v. United States, 146 U.S. 325, 13 S.Ct. 60, 36 L.Ed. 991; Wolfson v. United States, 5 Cir., 101 F. 430; Heitler v. United States, 7 Cir., 244 F. 140; Henderson v. United States, 8 Cir., 20 F.2d 90.

We find no prejudicial error in the record, and the judgment of the District Court is affirmed.