**BECKMAN v. UNITED STATES.**

No. 8312.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1938.

Fermond T. Walton and Kenneth H. Aynesworth, Jr., both of Houston, Tex., for appellant.

Harvey G. Fields, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

Appellant and two others were convicted on nine counts of a ten count indictment charging use of the mails to defraud, violation of the securities act, 15 U.S.C.A. § 77a et seq., and conspiracy, and prosecutes this separate appeal. In addition to the assignments discussed on the appeal of his codefendant, J. Earle Freeman, appellant assigns error upon the refusal of the trial court to grant a written request for an instruction on the degree of proof required where circumstantial evidence was relied upon by the

government. Freeman v. U. S., 5 Cir., 96 F.2d 13.

The charge requested was as follows: "Fraud, or fraudulent intent, is never presumed but must be proven. In this case the burden rests with the Government with respect to each of the defendants to prove, beyond a reasonable doubt, the fraud or fraudulent intent charged in the indictment. Since the proof of it depends on circumstantial evidence, the evidence should be such as to satisfy your minds of such fraud or fraudulent intent to the exclusion of any other reasonable theory. In other words, the proof must be consistent with guilty intent and wholly inconsistent with innocence before you should find a verdict of conviction as to any defendant."

We do not think the failure to give this instruction was reversible error, as it was not wholly accurate. It is true, where guilt depends entirely upon circumstantial evidence, that the burden rest upon the government to prove its case not only beyond a reasonable doubt but to the exclusion of every reasonable hypothesis of innocence; but the requested instruction went further than this and demanded proof "wholly inconsistent with innocence" without regard to whether the theory of such innocence was reasonable or unreasonable. It may be said that this is a technical distinction, but it is a technicality upon which reversal is sought.

Aside from technicalities, we find no basis of error in the charge. On the merits the trial was free from error. There was ample proof of acts and circumstances which, if believed, would warrant an inference of fraudulent intent and guilty knowledge to the exclusion of every reasonable hypothesis of innocence; and these acts and circumstances were undisputed. The court reviewed them in very great detail, stressing the rule that the guilt of each defendant must be established beyond a reasonable doubt in order to warrant conviction. It is true, the jury were not instructed that the evidence must negative every reasonable hypothesis except that of guilt; but the court's charge left no alternative to an acquittal if the jury did not believe the evidence which, if accepted as true, was actually inconsistent with innocence and lack of guilty knowledge and fraudulent intent. In this situation, the court committed no error in refusing the requested instruction. The case is within the rule announced in Corbett v. United States, 8 Cir., 89 F.2d 124, 128, which quotes from United States v. Austin-Bagley Corporation, 2 Cir., 31 F. 2d 229, 234, as follows: "We cannot agree that there are any inexorable formulas on the subject; it is enough that the judge shall in substance tell the jury that they must be satisfied beyond any reasonable chance of mistake. This caution we agree he must give, but to translate such an admonition into a rigid ritual is to forget the actual determinants of a verdict and to mistake shadows for reality."

The District Court committed no error, and its judgment is affirmed.