## TAYLOR v. UNITED STATES.*
### No. 8301.

Circuit Court of Appeals, Fifth Circuit.
April 14, 1938.

*Rehearing denied June 4, 1938.

Kenneth H. Aynesworth, Jr., Fermond T. Walton and J. T. Scott, Jr., all of Houston, Tex., for appellant.

Harvey G. Fields, U. S. Atty., and J. Fair Hardin, Asst. U. S. Atty., both of Shreveport, La.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appellant was convicted along with Freeman and Beckman. Freeman v. United States, 5 Cir., 96 F.2d 13; Beckman v. United States, 5 Cir., 96 F.2d 15. In addition to the matters discussed in those opinions, appellant assigns error to the action of the court in allowing the introduction of certain books and records, and the failure of the court to grant his request for a peremptory instruction on the ground that the evidence was insufficient to sustain a conviction.

The indictment charged use of the mails in the fraudulent sale of the stock of the Standard Royalty Company, a corporation organized and managed by defendants Freeman and Beckman. The stock was sold on representations that the corporation was a large owner of oil royalties and was engaged in the purchasing of other oil royalties, and that the holdings and prospects of the company were such as to assure a large yield on the investment, when, as a matter of fact, the corporation owned no royalties yielding returns, and part of the proceeds of the sale of the stock was used to pay dividends to older stockholders; the remainder being embezzled by the defendants.

This appellant was first employed by Freeman and Beckman as an attorney to handle the corporate organization and registration of the Standard Royalty Company, but later he was engaged to some extent in the sale of the stock. On the trial, he denied any knowledge of the fiscal affairs of the corporation or of the manipulation of the funds coming into the hands of Beckman and Freeman, contending that he had been victimized along with the hundreds of others who had invested their savings in this stock. The Government identified the books and records of the corporation by its receiver, appointed in a proceeding brought to take over and liquidate its assets, and offered them in evidence on the further identification of the former bookkeeper. The objection was made that there was no evidence as to the manner in which they were kept; that they did not purport to be books of original entry; and no knowledge or notice had been brought home to any of the defendants as to the contents of the records.

In view of the fraudulent nature of the transactions, verity cannot be required of the records and other documentary evidence relied upon to prove the charges, since the information and transactions reflected must be false in some particular in order to have any probative value, and since there is no reliable basis upon which they may be verified. Thus the exigencies of the case require that, in prosecutions of this kind, the books and records of the corporation, when produced by the officer or rightful custodian into whose possession they have regularly come, and when identified as such, are admissible in evidence in a criminal prosecution against the managing officers and other persons to whom knowledge of the fraudulent character of the transactions may be fairly imputed. Foster v. United States, 6 Cir., 178 F. 165; Parker v. United States, 2 Cir., 203 F. 950; Livezey v. United States, 5 Cir., 279 F. 496, certiorari denied 260 U.S. 721, 43 S.Ct. 12, 67 L.Ed. 481; Lewy v. United States, 7 Cir., 29 F.2d 462, 62 A.L.R. 388, certiorari denied 279 U.S. 850, 49 S.Ct. 346, 73 L.Ed. 993; Cholacoff v. United States, 6 Cir., 10 F.2d 505; Arnold v. United States, 7 Cir., 7 F.2d 867; Hyney v. United States, 6 Cir., 44 F.2d 134; Barrett v. United States, 8 Cir., 33 F.2d 115; Weber v. United States, 10 Cir., 80 F.2d 687. These records were admissible under the rule, and the court committed no error in not excluding them.

The documentary evidence, together with the testimony of witnesses, was ample to sustain the conviction of all of the defendants, and the court committed no error in overruling the motion for a directed verdict.

Affirmed.