**CONNECTICUT IMPORTING CO. v. CONTINENTAL DISTILLING CORPORATION et al.**

No. 117.

District Court, D. Connecticut.

April 13, 1940.

Robert J. Woodruff and Arthur Klein, both of New Haven, Conn., for plaintiff.

Raymond E. Hackett, of Stamford, Conn., for defendant Continental Distilling Corporation.

Abraham S. Weissman and David S. Korn, both of New Haven, Conn., for defendant Abraham Sherman.

Herman M. Levy, of New Haven, Conn., for defendants Libby and R. C. Williams.

HINCKS, District Judge.

Paragraph 1(a) to (e), inclusive, and also Paragraph 1(g) is granted. The plaintiff's only opposition is confined to books, etc., covering the period prior to January 1, 1936. But since the plaintiff is claiming damages and loss of profits for the subsequent period, data showing its commercial results for the prior period is rele-vant and material as constituting the base upon which the claimed subsequent loss may be computed.

By Paragraph 1(f) of the motion, the defendant seeks inspection of duplicates of plaintiff's income tax returns for the years 1934 to 1938. The plaintiff objects that these papers are privileged. It cites the Revenue Acts and the regulations of the Secretary of the Treasury thereunder, whereby, with stated exceptions (not applicable here) executive officers of the government are forbidden to disclose the taxpayers' returns.

[2, 3] The defendant argues that it is entitled to inspect plaintiff's retained copies of its tax returns because they constitute "documents and papers that are now in the plaintiff's possession." It is, of course, true that immunity from disclosure is a privilege which extends only to "communications". Wigmore, Vol. 5, Sec. 2285. If the defendant means that the retained copies are merely documents not in the nature of communications, I am unable to support its contention. For the disclosure of a document accompanied by an assurance that it is a copy of an original return is, in necessary effect, a disclosure of the communication made in the original return.

The motion is granted rather upon the ground that the copies, although constituting communications from the taxpayer to the government, are nevertheless without privilege either by common law or under statute.

In Wigmore's comprehensive analysis and discussion of privileged communications, the only classification in which the privilege here asserted could possibly be included is that enumerated in Sec. 2367(f), where it is stated: "There is a genuine communications-privilege, permitting secrecy for communications by informers to official prosecutors, by parties or witnesses to a judge, and by citizens making compulsory reports to the State." It will hardly be urged that the privilege here claimed is a communication from an informer to official prosecutors.

In Sec. 2377, Wigmore points out that with respect to "matters required by law to be reported to some administrative official", there has been "a modern creation of a number of privileges, all statutory in origin." (Citing as one illustration the limited privilege created by the federal income tax law). Since, as pointed out, the

privilege is statutory only, we must look to the statutes for the dimensions of the privilege thus created.

■ The only statute pertinent here is that now consolidated as 26 U.S.C.A.Int. Rev.Code, § 55. Nothing in this statute nor the regulations issued thereunder precludes a court of competent jurisdiction from requiring a disclosure of a tax return by the taxpayer in connection with civil litigation to which the taxpayer is a party.

■■ The statutory privilege is limited to the prohibition of disclosures by officers of the government; and it is further limited by specified exceptions whereby under specified circumstances even government officials may disclose the communications. And the courts, when once satisfied that a given case falls outside the statutory privilege, refuse to recognize any privilege whatever and accord to the communication such admissibility as it would under the controlling law of evidence. In re Epstein, 6 Cir., 4 F.2d 529; Lewy v. United States, 7 Cir., 29 F.2d 462, 62 A.L.R. 388. Cf. Witters v. Sowles, Ex'r, C.C., 32 F. 130; In re Hines, 2 Cir., 69 F.2d 52. In Corliss v. United States, 8 Cir., 7 F.2d 455, copies of tax returns were held inadmissible not because of a claimed privilege, but because under the law of evidence no basis there existed for the use of copies in lieu of originals. And from Greenbaum v. United States, 9 Cir., 80 F.2d 113, it is further apparent that income tax returns in a case not within the limited statutory privilege have a status no different from other items of evidence.

■■ Here there is no claim of privilege under the Fourth Amendment; this being a civil action, there is no room for such a claim. The motion is not in conflict with the only pertinent statute, as we have seen. The only question is whether the matter in its other aspects lies under Rule 34, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c. Do the tax returns "constitute or contain evidence material to any matter involved in the action"?

In paragraphs 22 and 23 of the complaint the plaintiff alleges that it has sustained damages and loss of profits as a result of unlawful acts by the defendants beginning in January, 1937. On this issue of damages, surely the plaintiff's income both before and after the critical date is highly relevant. And the plaintiff's tax returns normally might be expected to contain information as to such income.

■ I agree with Judge Caffey's observation in United States v. Aluminum Co., 1 F.R.D. 57, that Rule 34 must be construed in pari materia with Rule 45(b). And further, in my view, both these rules should be construed in pari materia with Rule 26. To be sure, the precise language of Rule 34 is addressed to "evidence material to any matter involved in the action"; Rule 26 has to do with the discovery of items "relevant to the subject matter involved in the pending action." But Judge Caffey, in the case just above cited, makes the right to a subpoena duces tecum depend upon the "probable" materiality of the document called for. And I cannot bring myself to believe that it was intended that a right to procedural relief should turn upon a technical distinction between probable materiality and relevancy. Surely it would be unduly technical to deny the pending motion under Rule 34 because of a present uncertainty as to the materiality of tax returns when the only effect of such a ruling would be to relegate the defendant to the procedure for a discovery under Rule 26 which entitles it to a discovery of all relevant matter.

■ Especially is this so in view of the fact that the ultimate admissibility of the tax returns may depend upon the later development of the case on the trial. Let it be conceded that the tax returns will not constitute original evidence on the issue of damages in the absence of a foundation, which perhaps the defendant cannot furnish, tying up the return with the underlying books of account. Nevertheless, the returns might conceivably be admissible, if offered by the defendant, as admissions contradicting certain aspects of the plaintiff's proofs. Similarly they might prove useful to the defendant on the cross-examination of plaintiff's witnesses. Cf. Price v. Levitt, D.C., 29 F.Supp. 164. Merely because the technical materiality of the returns, or the information contained therein, is not susceptible of accurate ruling until a later stage seems inadequate basis for a ruling that the use of a motion (Rule 34) as a simple and direct instrument of discovery must yield to the more cumbersome method of discovery by deposition. (Rule 26.)

■ I do not overlook the observation in United States v. Aluminum Co., D.C., 26 F.Supp. 711, 712, that "if the rule [Rule 34]

were construed as conferring a right to inspect immaterial documents, I should doubt its validity." But if Rule 34, broadly construed, is invalid, so it must be with respect to Rule 26. To me it seems that the question is one of construction, not of validity; and I hold that with respect to the subject matter both rules should receive a construction of similar scope and that thus construed both are valid, within reasonable limits, as determined in each case.

To be sure, Rules 30(b) and 31(d) carefully provide all necessary protection for deponents in examinations taken under Rules 26 and 31(a); and Rule 45 providing for the issuance of subpoenas duces tecum contains express provision for the protection of deponents and witnesses against the unreasonable and oppressive use of a subpoena. It might be urged that the absence of affirmative protective provisions covering a discovery under Rule 34 was due to the fact that Rule 34 reached only subject matter of narrower scope, and hence required no such provisions.

The argument, however, is unsound. For Rule 34, unlike Rules 26, 30, 31 and 45, reaches only parties to the action. As parties they are entitled to have notice and to be heard upon the motion before an order of inspection is entered,—an assurance of judicial protection not afforded to witnesses other than parties. Furthermore, Rule 34, unlike the other rules just mentioned, is limited to "designated" documents, etc. As a result, a party against whom a motion is directed will know just what document is sought by his opponent and may obtain all proper protection upon the hearing on a motion under Rule 34 if the inspection sought is believed to constitute an undue invasion of his right to privacy.

Of course, the amount of protection properly required against an undue invasion of privacy will rest largely on the discretion of the court. But here the defendant, in Paragraph (f) of its motion, has designated just what documents it seeks to inspect; the plaintiff on a noticed hearing has had opportunity to protest against any oppressive invasion of its privacy. No such protest has been made; the only objection raised has been the claim of privilege. Furthermore, the plaintiff has itself put certain aspects of its income in issue. Thus it is scarcely entitled to the protection which in another case the court would afford to some defendant sued, say, by a commercial competitor.

Paragraph 1(h) of the motion is denied. This calls for a blanket inspection of copies of any and all statements furnished to any bank or credit agency over a period of some five years. The motion, even when read in the light of the pleadings, fails to show that the information sought is material or relevant or may reasonably be expected to become material on the trial. Furthermore, the motion is not confined to "designated" documents as required by Rule 34. Subject matter so vaguely described is better adapted to development by examination under Rule 26 rather than by an order of inspection. Indeed, it would seem impossible to draft an order of inspection suitably specific without the aid of preliminary examination to ascertain what credit statements and copies, if any, have been made.

Ordered accordingly.