Gordon J. Quilter, Oklahoma City, Okl., Richard Farrington (of Farrington & Curtis), Springfield, Mo., for defendants.

**MERRIMAN et al. v. CITIES SERVICE GAS CO. et al.**

No. 972.

United States District Court
W. D. Missouri, S. D.

Sept. 12, 1951.

REEVES, Chief Judge.

In the deposition of the plaintiffs in the above cause certain questions were propounded to each of the plaintiffs regarding information they had furnished to their counsel and particularly with respect to values placed on certain items of alleged damages which constitute the subject of the suit. Upon the advice of counsel, the plaintiffs refused to answer the questions or to refresh their memories as to prior values placed on said items.

Counsel have elaborately briefed the law which they believed to be applicable to the facts in the case. Counsel for plaintiffs particularly rely upon the case of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. In the Hickman case adversary counsel sought information gathered by opposing counsel from *witnesses* to the

tragedy resulting in the law suit. (Emphasis mine.) Such are not the facts here. Plaintiffs claim damage to their property and fix such damage at specified amounts. They are parties as well as witnesses.

The defendants, through their counsel, endeavored to find out whether the plaintiffs had in any way, either to their counsel or to some one else placed a different value upon said property. Clearly, if the plaintiffs have been inconsistent, whether to their attorneys or to anybody else, in their statement of values, defendants are entitled to use such facts for impeachment or other purposes.

It is the duty of plaintiffs to make full, free and fair answers to all questions propounded to them touching the values of the damaged or destroyed property for which they seek recovery from the defendants. Furthermore, if relevant matter appears in their income tax returns, then the defendants are entitled to see such returns and use same.

All of the discovey rules are in favor of the defendants in obtaining from the plaintiffs all information regarding their claim for damages because of the alleged explosion and fire.

Accordingly, the several motions of the defendants will be sustained and the plaintiffs are directed to furnish the information sought together with copies of their income tax returns for photographing.