Arnleif **TOLLEFSEN**

v.

**Morris PHILLIPS and Morris Rosenberg.**

**Civ. A. No. 53–398.**

United States District Court
D. Massachusetts.

Nov. 12, 1954.

Harry Kisloff, Boston, Mass., for plaintiff.

Herbert C. Splane, Thomas H. Walsh, Boston, Mass., for defendants.

ALDRICH, District Judge.

In this case brought under the Jones Act, 46 U.S.C.A. § 688, the plaintiff includes in his demand for damages a claim for loss of earnings. In his deposition taken by the defendant he indicated a hazy recollection as to his past earnings, and denied possession of any records which would serve to refresh that recollection. The defendant has moved under Rule 34, 28 U.S.C.A., for permission to inspect a copy of the plaintiff's state and federal income tax returns for the years immediately preceding his injury. Because of the circumstances already mentioned I am satisfied that a sufficient showing of good cause has been made. This leaves two other matters for consideration.

The first of these is that the plaintiff asserts that such copies cannot be ordered produced because he does not have them in his physical possession. The plaintiff, as the taxpayer, has the right to obtain copies from the government upon payment of a nominal fee, and the defendant has proposed to furnish

that fee. I accordingly hold that copies of the federal returns are sufficiently within the plaintiff's constructive possession to be subject to an order of the court if there is no other obstacle to such an order. Reeves v. Pennsylvania R. R. Co., D.C.Del., 80 F.Supp. 107.

 A more serious objection remains to be disposed of. The plaintiff asserts that federal tax returns are not reachable by court order because 26 U.S.C.A. § 55 forbids their exhibition to anyone except certain designated persons without presidential order. It is true that if the government should determine that its interests in obtaining the fullest disclosure of pertinent information by taxpayers would be furthered by preventing the use of copies of returns in court, it could so provide. Cf. United States v. Dickey, 268 U.S. 378, 45 S.Ct. 558, 69 L. Ed. 1006. I do not, however, so read the statute. The purpose of § 55 appears to be to prevent wholesale revelation of confidential information to persons not determined to have a legitimate interest therein. The plaintiff, having made his earnings an issue, can scarcely say that they are confidential information in this case.

The incidental effect, and perhaps an intended one, of the statute is to exempt the taxing authorities from process. But this does not mean that the taxpayer himself, as plaintiff, is so exempt.

If the plaintiff had a complete set of books and records which showed the figures that went into his returns, no one would say that he could not be ordered to produce them. The same information does not, unless the statute be very explicit, become any the less obtainable just because the plaintiff has written it down on a governmental form. Connecticut Importing Co. v. Continental Distilling Corp., D.C.Conn., 1 F.R.D. 190; Reeves v. Pennsylvania R. R. Co., supra.

 So far as the Massachusetts returns are concerned I am bound by Leave v. Boston Elevated Ry., 306 Mass. 391, 28 N.E.2d 483. The order will be limited to the federal returns.