BAIM & BLANK, Inc. and Baim & Blank Television Service, Inc., Plaintiffs,

v.

BRUNO–NEW YORK, Inc., Defendant.

United States District Court
S. D. New York.
May 2, 1955.

Malkan & Ellner, New York City, J. Robert Ellner, New York City, of counsel, for plaintiffs.

Spiro, Felstiner & Prager, New York City, William W. Prager and Berthold H. Hoeniger, New York City, of counsel, for defendant.

WEINFELD, District Judge.

Plaintiffs seek a protective order pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., enjoining the defendant and its representatives from disclosing or publishing information discovered under Rule 34. The plaintiffs heretofore consented to a motion made by the defendant for the order of discovery and inspection. They have made available for examination by the defendant's representative, a certified public accountant, various books and records, including profit and loss statements and corporate income tax returns. There appears to have been no restriction upon the defendant in its examination.

The action is brought to recover damages for alleged violations of the Robinson-Patman and Sherman anti-trust laws. 15 U.S.C.A. §§ 1–7, 15 note, 13c. Plaintiffs have also instituted nine other anti-trust suits against various defendants. The defendant herein, however, has no connection with the other actions.

Upon the completion of his examination of the plaintiffs' records on behalf of this defendant, the accountant who never previously represented any of the other defendants, was retained by several of them.

■■ The plaintiffs charge, and it is not denied, that the defendant's accountant proposes to make the information derived from the plaintiffs' records, including the tax returns, available to his newly acquired clients and possibly to others in the industry. He has already relayed to attorneys for two defendants in the other actions "certain information which he obtained during his examination thus far of the plaintiffs' books and records." The accountant states he is under professional obligation to his clients and that "such obligation could not be disregarded." I am unaware of any canon of ethics governing the accounting profession which commands an accountant, engaged by one client to examine a third party's books under a court order, to sub-

mit the information so obtained to another client who is not an immediate party to the suit. Be that as it may, I am of the view that under the circumstances here present, the confidential information derived from the income tax returns and the supporting records and books may not be disclosed to third persons. The contents of the tax returns produced during the course of a deposition or discovery under the Rules, whether by voluntary action or pursuant to court order,[1] should be protected against public disclosure in accordance with the policy reflected by the Internal Revenue Code.[2]

The accountant, in an affidavit submitted in opposition to the motion, charges that his examination revealed probable understatement of income reported by one of the plaintiff corporations by reason of failure to record sales and commissions. Evidently this is part of the information which the accountant, a former special agent of the Bureau of Internal Revenue, feels he is under a professional duty to reveal to his clients who are not parties to this suit. The statement of the proposal carries its own condemnation. The potential abuses are apparent. I think it is unnecessary to decide whether the contemplated action is in fact motivated by bad faith or is intended to harrass, oppress or embarrass the plaintiffs. It is sufficient that the proposal carries within it the seed of abuse. Finally, the defendant here having had the benefit of a full inspection and discovery cannot be prejudiced by restraining the circulation of the knowledge derived therefrom to third persons. If the law has been violated the information should be submitted to the proper authorities and not to private parties engaged in bitterly contested litigation.[3] Parenthetically, it is noted that the plaintiffs, upon the argument of the motion, consented to a full disclosure by defendant to governmental officials and agencies of any and all facts derived from the inspection and discovery. Of course, even without such consent the government may command this information.

The ruling herein does not deprive the other defendants of the remedies permitted under the Rules governing deposition-discovery procedure. Upon a proper showing each defendant in its own suit may compel the plaintiffs to submit to separate examinations or discoveries.[4] The plaintiffs' records were subject to discovery and inspection by the defendant only because good cause was shown. The defendants in the other suits are re-

1. Since plaintiffs made the tax returns available we are not faced with the question of whether, in the first instance, a party's income tax returns are subject to discovery under the Rules, on which question the authorities are divided. *Compare:* Nola Electric v. Reilly, D.C.S.D.N.Y., 11 F.R.D. 103, certiorari denied, sub. nom. Reilly v. Goddard, 340 U.S. 951, 71 S.Ct. 570, 95 L.Ed. 685; Tollefsen v. Phillips, D.C.Mass., 16 F.R.D. 348; Connecticut Importing Co. v. Continental Distilling Corp., D.C. Conn., 1 F.R.D. 190; Mullen v. Mullen, D.C.Alaska, 14 F.R.D. 142; Reeves v. Pennsylvania R. Co., D.C.Del., 80 F. Supp. 107; The Sultana, D.C.W.D.N.Y., 77 F.Supp. 287, *with:* United Motion Theatre Co. v. Ealand, 6 Cir., 199 F. 2d 371; Maddox v. Wright, D.C.D.C., 103 F.Supp. 400; Austin v. Aluminum Co. of America, D.C.E.D.Tenn., 15

F.R.D. 490; O'Connell v. Olsen & Ugelstadt, D.C.N.D.Ohio, 10 F.R.D. 142; Garrett v. Faust, D.C.E.D.Pa., 8 F.R.D. 556; Welty v. Clute, D.C.W.D.N.Y., 2 F.R.D. 429.

2. Internal Revenue Code (1954) § 6103, 26 U.S.C.A.; see former 26 U.S.C. § 55. The policy is underscored by the penal provisions of the Code which provide that "* * * [I]t shall be unlawful for any person to print or publish in any manner whatever not provided by law any income return, or any part thereof or source of income, profits, losses, or expenditures appearing in any income return * * *". § 7213.

3. Cf. United States v. First Nat. Bank of Mobile, D.C.S.D.Ala., 67 F.Supp. 616, 625.

4. Cohen v. Avco Corp., D.C.S.D.N.Y., 14 F.R.D. 470.

quired to show no less to secure an examination of plaintiffs' income tax returns and other records. They may not obtain these by indirection.

The plaintiffs are entitled to an appropriate order enjoining the publication or disclosure by the defendant or any of its representatives of the income tax returns, profit and loss statements, books and records or other abstracts thereof pending the trial of the action. This of course does not restrict the use by the defendant of the discovered information for trial preparation or at the trial proper.

■■ Finally, the defendant's contention that the Court's power to grant a protective order under Rule 30(b) is limited to depositions is without substance. The pre-trial deposition-discovery rules constitute an integrated procedure and the Court's power to issue protective orders extends to inspection and discovery provisions as well as to the taking of depositions pursuant to Rule 26.[5] Rule 34 specifically provides that discovery is "subject to the provisions of Rule 30(b)" and under that rule the Court has the power to enter any "order which justice requires to protect the party or witness from annoyance, embarrassment or oppression".[6] But separate and apart from the specific authority so granted, the Court under its general equity powers may issue an order as provided herein. It is not unusual practice in this District to impound and seal papers or records, when the facts warrant such action, subject to the right of interested parties to apply for orders unsealing them as required.

Counsel are requested to agree upon the form of the order to be entered; if they cannot so agree, proposed orders may be submitted upon one day's notice.

5. Cf. Hickman v. Taylor, 329 U.S. 495, 505, 67 S.Ct. 385, 91 L.Ed. 451; Louis Weinberg Associates, Inc. v. Monte Christi Corp., D.C.S.D.N.Y., 11 F.R.D. 514; Moore's Federal Practice, 2d Ed., ¶ 34.19[2].

6. Hickman v. Taylor, supra, note 5, 329 U.S. at pages 507, 508, 67 S.Ct. at pages 391, 392.