Charles **KINGSLEY**, Plaintiff,

v.

The **DELAWARE, LACKAWANNA & WESTERN RAILROAD COMPANY,** Defendant.

United States District Court S. D. New York. Feb. 4, 1957.

---

Bromsen & Gammerman, New York City, Daniel Galinson, New York City, of counsel, for plaintiff.

John F. Reilly, Washington, D. C., for defendant.

FREDERICK VAN PELT BRYAN, District Judge.

In this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., plaintiff, a porter on a railroad buffet car sues defendant Railroad for personal injuries suffered in the course of his employment through defendant's alleged negligence.

Defendant moves, pursuant to Rule 34, Fed.Rules Civ.Proc., 28 U.S.C., for an order directing plaintiff to produce for inspection and copying copies of his Federal income tax returns for the years

immediately preceding the accident and for the year in which the accident occurred. If copies are not in plaintiff's possession defendant seeks a direction that plaintiff secure and produce certified copies for such purposes at defendant's expense.

Plaintiff opposes the motion on the ground that a litigant's income tax returns are privileged documents and not subject to production under Rule 34.

One of the elements of damage which plaintiff seeks to recover is past and prospective loss of earnings resulting from his injuries. Plainly some substantial portion of the income of a buffet car porter consists of gratuities received over and above the wages paid him by the defendant. Data concerning this additional income can only be obtained by defendant from plaintiff's own records, if any, and statements of income made in plaintiff's tax returns. Such documents are relevant to the issues in the litigation and are subject to discovery under Rule 34 unless privileged. The question is whether under these circumstances plaintiff's returns are privileged.

■ The authorities on this question are divided.[1] The better reasoned view seems to be that where a litigant himself tenders an issue as to the amount of his income, there is no privilege against the disclosure of his tax returns and he can be directed to obtain them from the Government if he does not himself have copies.

The Internal Revenue Code of 1954, § 6103, 26 U.S.C., like the Code of 1939, former § 55, 26 U.S.C., protects taxpayers against public disclosure of the contents of tax returns. This policy is underscored by the penal provisions of the Code which make it unlawful for any Federal or State officer or employee to divulge such matter "in any manner whatever not provided by law". 26 U.S.C. § 7213. The Regulations, § 458.-

52, provide that the return of a living individual shall be open to inspection "by the person who made the return or by his duly constituted attorney in fact". The only other persons entitled to the inspection of the return in the hands of the Government are the various governmental agencies having a legitimate interest in the subject matter as provided in Section 6103 of the Code.

■ These provisions, plaintiff contends, give him an absolute privilege against discovery of his returns in this lawsuit. I do not find such privilege conferred by either the statutes or the regulations under the circumstances presented here.

■ The purpose of the statute is to prevent the disclosure of confidential information to those who do not have a legitimate interest in it. But once a person has made the amount of his income an issue in litigation it becomes a legitimate subject of inquiry and he can no longer claim that the information contained in his returns is confidential. If the returns were in his own possession he could be compelled to produce them, and there is no good reason why he should not obtain copies from the Government at defendant's expense or permit the defendant to do so.

■ As the District Court of Massachusetts said in Tollefsen v. Phillips, 16 F.R.D. 348, at page 349, in passing on the precise issue presented here:

"* * * The plaintiff asserts that federal tax returns are not reachable by court order because 26 U.S.C.A. § 55 forbids their exhibition to anyone except certain designated persons without presidential order. It is true that if the government should determine that its interests in obtaining the fullest disclosure of pertinent information by taxpayers would be furthered by preventing the use of copies of re-

---

[1] See Baim & Blank, Inc., v. Bruno-New York, Inc., D.C.S.D.N.Y., 17 F.R.D. 346, 348, Note 1.

turns in court, it could so provide. Cf. United States v. Dickey, 268 U.S. 378, 45 S.Ct. 558, 69 L.Ed. 1006. I do not, however, so read the statute. The purpose of § 55 appears to be to prevent wholesale revelation of confidential information to persons not determined to have a legitimate interest therein. The plaintiff, having made his earnings an issue, can scarcely say that they are confidential information in this case.

"The incidental effect, and perhaps an intended one, of the statute is to exempt the taxing authorities from process. But this does not mean that the taxpayer himself, as plaintiff, is so exempt.

"If the plaintiff had a complete set of books and records which showed the figures that went into his returns, no one would say that he could not be ordered to produce them. The same information does not, unless the statute be very explicit, become any the less obtainable just because the plaintiff has written it down on a governmental form."

Judge Goddard in this District adopted the same view in Nola Electric v. Reilly, 11 F.R.D. 103, though that case involved correspondence and material filed with the Bureau rather than the returns themselves.

There are numerous other cases to the same effect. See Connecticut Importing Co. v. Continental Distilling Corporation, D.C.Conn., 1 F.R.D. 190; Mullen v. Mullen, D.C.Alaska, 14 F.R.D. 142; Reeves v. Pennsylvania R. Co., D.C.Del., 80 F.Supp. 107; The Sultana, D.C.W.D.N.Y., 77 F.Supp. 287; Volk v. Paramount Pictures, Inc., D.C.Minn., 19 F.R.D. 103; Paramount Film Distributing Corp. v. Ram, D.C.E.D.S.C., 91 F.Supp. 778. See, also, In re Hines, 2 Cir., 69 F.2d 52.

■ If plaintiff does not have copies of his returns in his physical possession, he may be directed to obtain copies from the Government or to authorize defendant to do so. Tollefsen v. Phillips, supra; Reeves v. Pennsylvania R. Co., supra.

I am not persuaded by the cases which support plaintiff's position. They seem to proceed upon the assumption that a privilege exists under the statute which cannot be waived by the taxpayer rather than upon a reasoned analysis of the statutory provisions and the effect to be given to a tender by a party in litigation of the issue of the amount of his income. Eg. Austin v. Aluminum Company of America, D.C.E.D.Tenn., 15 F.R.D. 490; O'Connell v. Olsen & Ugelstadt, D.C. N.D.Ohio, 10 F.R.D. 142. In the only Court of Appeals case denying the right to copies of tax returns, United Motion Theatre Co. v. Ealand, 6 Cir., 199 F.2d 371, there is no discussion as to the reason why the court reached this result, and, for all that appears, the decision may be predicated on grounds other than the privilege claimed by plaintiff here.

The motion is granted. Settle order on notice.