**Blanche E. RUBENSTEIN**

v.

**Archie L. KLEVEN.**

**Civ. A. No. 56–530.**

United States District Court
D. Massachusetts.

Oct. 30, 1957.

Erdheim & Armstrong, New York City, Louis Jacobs, Boston, Mass., for plaintiff.

Richard Wait, Choate, Hall & Stewart, Claude B. Cross, Withington, Cross Park & McCann, Boston, Mass., for defendant.

ALDRICH, District Judge.

In this case, which has been previously before the court, D.C.D.Mass., 150 F. Supp. 47, the plaintiff seeks to recover for breach of an agreement to pay her $1,000 a month for life, allegedly made in August, 1949, and performed until October, 1955, since which time admittedly no payments have been made. The defendant claims no payments were ever made, or owed. During plaintiff's pretrial examination, now interrupted, she testified that with occasional lapses, which were promptly rectified, the defendant made payments to her every month of $1,000 in cash. This prompted defendant's counsel to ask for certain documents which he felt, or, more accurately, hoped, by lack of consistency therewith, would tend to discredit this testimony, viz., her monthly bank statements and other bank records showing deposits made by her during the period in question, and her state and federal income tax returns for those years. Upon plaintiff's refusing to produce such documents, or copies or to facilitate their obtention by defendant through other sources, defendant filed a motion to produce under Fed.Rules Civ. Proc. Rule 34, 28 U.S.C.A.

Since, at least so far as the income tax returns are concerned, defendant has endeavored unsuccessfully to proceed in the only other manner available to him, I consider that the Rule 34 requirement as to "cause" has presumptively been satisfied, unless the documents are not relevant, or there is some other reason why they should fall without the rule.

■ The plaintiff argues that income tax returns are of a personal nature and should not be open to inspection in court proceedings, or alternatively, that this inspection should not take place before trial. As to the first point I have nothing to add to my opinion in Tollefsen v. Phillips, D.C.D.Mass., 16 F.R.D. 348. A party who chooses to litigate an issue upon which his tax returns may cast significant light cannot claim that these returns contain confidential information, at least in the absence of an assertion by the taxing authority that in protection of its paramount interest such confidence must be observed. As to the time of inspection, a party who proceeds in this court subjects himself to the rules of pretrial examination and production, and I know of no reason for postponing the inevitable. The general intent of the rules, with certain exceptions, see, e. g., Margeson v. Boston & Maine Railroad, D.C., 16 F.R.D. 200, is early rather than late revelation. Connecticut Importing Co. v. Continental Distilling Corp., D.C.D. Conn., 1 F.R.D. 190.

■ I do not follow plaintiff's contention that the income tax returns are not as "relevant" in this case as they are in a case like Tollefsen v. Phillips, supra, where the injured plaintiff's income in years immediately preceding the accident would be a substantial factor in determining one of the elements of damage. It is true that in Tollefsen the factor precipitating the demand for production was alleged lack of records, or recollection, by the plaintiff. But "relevancy" is not limited to the stimulation of memory. If the instant plaintiff, who now claims that for five years she was paid $12,000 a years for services, failed to report this to the taxing authorities, the inference is either that she did not receive it, or that she committed a deliberate tax fraud. The jury should be permitted to choose between these alternatives in the light of whatever explanation the plaintiff has to offer. I see no reason for not applying the ordinary rule as to prior inconsistent statements by a party. Nor will I adopt plaintiff's suggestion that pretrial discovery cannot explore sources for impeachment. Any such limitation would be directly contrary to the plain language of Rule 26, the stated scope of Rule 34. Connecticut Importing Co. v.

Continental Distilling Corp., supra; Merriman v. Cities Service Gas Co., D.C.W.D. Mo., 11 F.R.D. 584; Connecticut Mutual Life Insurance Co. v. Shields, D.C.S.D. N.Y., 18 F.R.D. 448.

While the contradiction is not so direct, where the plaintiff claims she received so substantial a sum as $12,000 a year at a regular monthly rate, if this was not reflected in any way in her bank accounts, an inference unfavorable to her might well be warranted. It is the reverse of the common situation where unexplained possession of what one is not supposed to have is admissible to show unlawful acquisition. Boston & Worcester R. Corp. v. Dana, 1 Gray 83; Hansbrough v. United States, 8 Cir., 156 F.2d 327. Conversely, it should be relevant to a question of nonacquisition to show that there is not, in an appropriate place, what one claims to have.

I am not unmoved by the plaintiff's argument that there may be much in the income tax returns that is of no concern to this defendant, and of no relevancy to the present question. If the plaintiff will admit that there was nothing in her tax returns directly or indirectly relating to these alleged payments, and that she failed to disclose same to the federal and state[1] authorities, and pay any taxes thereon, this is all that the defendant could hope to obtain from production of the returns, and "good cause" would disappear. Cf. Garrett v. Faust, D.C.E.D.Pa., 8 F.R.D. 556. The matter of the bank accounts is more intangible. Even if the plaintiff were to admit that she never deposited any of these monies in any bank, the effect of this admission, and the weight to be accorded to any explanation, might best be measured by consideration of her entire banking picture.

The motion as to the bank accounts and statements is granted. As to the income tax returns, it will be granted unless plaintiff makes the admission aforesaid.

---

[1] I am referred to no New York case similar to Leave v. Boston Elevated Ry., 306 Mass. 391, 28 N.E.2d 483, which held that Massachusetts state returns were inadmissible in civil proceedings, nor does the New York statute appear to have the feature upon which the Leave decision depended. In the absence of any such showing I will not regard the plaintiff's state tax returns as exempt.