Arthur **WIESENBERGER**, Plaintiff,

v.

**W. E. HUTTON & CO.** and Gilbert La Piere, Defendants.

United States District Court
S. D. New York.
March 27, 1964.

Gallop, Climenko & Gould, New York City, for plaintiff, Sheldon D. Camby, New York City, of counsel.

Shearman & Sterling, New York City, for defendant W. E. Hutton & Co., Michael J. DeSantis, New York City, of counsel.

WYATT, District Judge.

Motion by plaintiff to modify a subpoena and for a protective order. Fed.R. Civ.P. 30(b), 45(b) and 45(d)(1).

The complaint contains one count for claimed violations of a section of the Securities Act of 1933, 15 U.S.C. § 77q (a)—"fraudulent interstate transactions", of a section of the Securities Exchange Act of 1934, 15 U.S.C. § 78j (b)—"manipulative and deceptive devices"; and of two sections of the Investment Advisers Act of 1940, 15 U.S.C. § 80b–3—"registration of investment advisers"—and 15 U.S.C. § 80b-6—"prohibited transactions by investment advisers". Federal question jurisdiction is asserted under 28 U.S.C. § 1331.

The complaint alleges that plaintiff, acting on advice of defendant Hutton given for compensation, invested in oil participations; that as a result plaintiff has suffered great loss and damage; that during the period when plaintiff was investing, the individual defendant, manager of the department of defendant Hutton advising plaintiff, was receiving "secret compensation, gifts" etc. from the corporation in the oil participations of which plaintiff invested; and that had plaintiff known of the "secret compensation" etc. he would not have invested. The relief sought is that defendants restore to plaintiff the moneys he paid out for the oil participations (he turning over to them any benefits received by him) or that defendants pay him "damages" of $130,000.

. Defendant Hutton has noticed depositions of plaintiff and others and has served a subpoena duces tecum on plaintiff.

The substantial question now raised is whether defendant Hutton may require production of income tax returns of plaintiff and question him about them.

The theory of defendant Hutton is that the income tax returns are (1) relevant to show payments by plaintiff for oil participations and receipts by him therefrom and (2) relevant to show tax savings by plaintiff from buying oil participations, these tax savings to be offset against any liability of defendant Hutton.

■ There is no privilege for income tax returns but the courts have been reluctant to order their production. People are normally opposed to the invasion of their privacy by exposure of the details contained in an income tax return. In the hands of the Government, these returns are confidential. 26 U.S.C. § 7213 (a). Unless clearly required in the interests of justice, litigants ought not to be required to submit such returns as the price for bringing or defending a lawsuit.

Judge Bryan reviewed the cases a few years ago and concluded that income tax returns should be ordered produced "where a litigant himself tenders an issue as to the amount of his income" (for, example, loss of wages from personal injury, loss of income from violation by defendants of the anti-trust laws, etc.) and not otherwise. Kingsley v. Delaware, L. & W. Ry. Co., 20 F.R.D. 156, 158 (S.D.N.Y.1957). There are decisions that even where the income of a litigant is in issue, the returns should not be ordered produced. See, for example, United Motion Theatre Co. v. Ealand, 199 F.2d 371 (6th Cir.1952), O'Connell v. Olsen & Ugelstadt, 10 F.R.D. 142 (N.D. Ohio, 1949).

 In any event, plaintiff has not tendered any issue here as to his income. The prayer for relief asks nothing for lost income. It asks for recission or for damages.

The theory of defendant Hutton that the tax returns will provide a check of the accuracy of the books of account of plaintiff is not strong enough at this stage to justify the demand, particularly since at best the inquiry goes to the quantum of damages and not to the merits of the claim. The payments made by plaintiff and his receipts ought to be easily determined from his books, checked against vouchers, bank statements, cancelled checks and the like. If it later develops that this cannot be done except from the returns, or that the books and records of plaintiff are not accurately kept, or that other factors are present, defendant Hutton may then make such application as they are then advised, without prejudice from the ruling now being made.

 The theory that the damages of plaintiff are to be reduced by taxes saved on account of his oil participations seems without merit. The cases cited to support it are personal injury actions where the issue was whether instructions to the jury as to *loss of earnings* should include reference to income taxes; the rule in this Circuit is that they should not. These cases have nothing whatever to do with the case at bar. It also seems wide of the mark to argue an "injustice" to defendant Hutton if it cannot reduce the amount of the claim against it by the amount of taxes saved by plaintiff through deductions for his losses, depletion, etc. The claim is for damages caused to plaintiff by defendants. These are capable of ascertainment if the claim is sustained on the merits (as to which, of course, I express no opinion). Having been ascertained, it would be a great "injustice" to plaintiff to reduce such damages for extraneous reasons wholly unconnected with the acts of defendants.

The motion to delete the words "any other corporation or person" appearing as item 2(f) of Schedule A to the subpoena and to delete the words "or (c) anyone else" in line 4 of item 4 of Schedule A to the subpoena will be denied as the inquiry on balance appears to be within the borders of the case.

The motion as to item 19 of Schedule A to the subpoena was withdrawn at oral argument.

Motion granted to the extent of deleting item 6 of Schedule A to the subpoena requiring production of the income tax returns of plaintiff and of directing that the income tax returns of plaintiff shall not be inquired into.

So ordered.