**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Receiver of Lawn Savings and Loan Association, Plaintiff,**

v.

**Henry KRUEGER et al., Defendants.**

**No. 69 C 1487.**

United States District Court, N. D. Illinois, E. D.

July 12, 1972.

Merrill Shepard, Donald Page Moore and Michael R. Lefkow of Pope, Ballard, Kennedy, Shepard & Fowle, Chicago, Ill., for plaintiff.

Anna R. Lavin and Edward J. Calihan, Jr., Chicago, Ill., for defendants Henry, Wayne and Ronald Krueger.

Edwin C. Podewell, Chicago, Ill., for defendant David Krueger.

## MEMORANDUM OPINION AND ORDERS

PERRY, District Judge.

This cause comes on upon two motions of the defendants Henry Krueger, Wayne Krueger, Ronald Krueger and David Krueger. Both motions relate to the plaintiff's first request for production of documents. Said defendants have produced certain documents but object to the production of certain others. In their first motion the named defendants ask for a protective order as to Request to Produce Number 10 which seeks production of all of their income tax returns for the years from 1957 to and including 1970. The second motion asks this court to limit the discovery of documents requested by plaintiff in Request to Produce 15 which requests production of all bank statements, cancelled checks and deposit slips for all amounts

of $200.00 or more for the years 1957 to and including September 30, 1968.

The parties have submitted memoranda supporting their respective positions. Defendants have produced for in camera inspection copies of their income tax returns, which, according to their representations, are copies they retained of returns filed. The court has heard oral argument and is now fully advised in the premises.

■ Income tax returns are confidential communications between a taxpayer and the government. They are so by force of statute. Title 26 U.S.C. §§ 6103 and 7213(a) provide for confidentiality of returns while in the hands of the government and provide for criminal penalties for unauthorized disclosure.

The plaintiff argues that the confidentiality of returns applies only to unauthorized publication by the government or its agents and that the defendants are required to produce copies in their possession upon a showing that the returns may be relevant.

The court recognizes that the statutes cited do not provide for absolute privilege of returns even in the hands of the government. The statutes and the regulations promulgated thereunder provide for specific exceptions to the general rule that the government is not permitted to disclose the contents of returns. Federal Tax Regulations §§ 301.6103(a) et seq. The court further recognizes that certain of the cases cited by the plaintiff herein held that returns were subject to discovery in the specific situations therein presented. Eg. Rubenstein v. Kleven, 21 F.R.D. 183 (D.C. 1957) ; June v. George C. Peterson Co., 155 F.2d 963 (7 Cir. 1946) ; Trans World Airlines, Inc. v. Hughes, 332 F.2d 602 (2 Cir. 1964).

■ However, it is the opinion of this court that the statutes cited reflect a valid public policy against disclosure of income tax returns. This policy is grounded in the interest of the government in full disclosure of all the taxpayer's income which thereby maximizes revenue. To indiscriminately compel a taxpayer to disclose this information merely because he has become a party to a lawsuit would undermine this policy.

■ In addition to the cases cited to this court by plaintiff, there is a line of cases which gives weight to the policy underlying the statute. See O'Connell et al. v. Olsen & Ugelstadt et al., 10 F.R.D. 142 (D.C.1949) ; Austin et ux. v. Aluminum Co. of America, 15 F.R.D. 490 (D. C.1954) ; Kingsley v. Delaware, Lackawanna & Western R. Co., 20 F.R.D. 156 (D.C.1957) ; Wiesenberger v. W. E. Hutton & Co., 35 F.R.D. 556 (D.C.1964). Although many district courts have addressed themselves to this issue there is a paucity of opinions directly in point from Courts of Appeals and the Supreme Court. After a complete review of the cases it is the opinion of this court that the case of Kingsley v. Delaware, Lackawanna & Western R. Co., supra, represents the best view. In that case the court carefully reviewed the authorities and came to the conclusion that the tax returns were subject to discovery only "where a litigant himself tenders an issue as to the amount of his income".

■ The court has weighed the liberal discovery theories advanced in some cases against the protection of confidentiality provided by statute and believes in the instant case production by defendants is definitely not warranted. If this were a case where the taxpayer had made an issue of his income such as claiming loss due to injury, there would be no question that he had waived the confidentiality of his returns and had thereby opened them up to scrutiny by his opponent. Unless a litigant himself makes an issue of his income, his income tax returns are not subject to discovery. Defendants here have not made an issue of their income. To compel the taxpayers themselves to furnish copies of their returns unless they have waived that

right by making an issue of their income would be a subterfuge and defeat the very purpose of the statute.

This court has reviewed the requested returns supplied for in camera inspection. The court finds that a major part of the income of said defendants came from Lawn Savings and Loan Association in the form of salaries and the returns are accompanied by W2 forms from said savings and loan association. Plaintiff has in its own possession all of said records of payments to said defendants.

The court further finds that said returns do not appear to reveal any income of the nature alleged in the complaint herein. Defendants Henry Krueger and David Krueger show income from the practice of law in lump sums in certain years, but give no itemized listing of sources. If there are any items of income included in such returns that might be shown to be income as alleged in the complaint, it does not so appear in the said income tax returns.

■ Moreover, the plaintiff is an establishment, agency or a corporate instrumentality of the United States government and as such is authorized to request and obtain copies of income tax returns of the defendants for the years in question and may use them for "leads" to evidence. Counsel for plaintiff admitted in open court that plaintiff probably could obtain the returns from Internal Revenue Service. The court is of the opinion defendants should not be compelled to produce their returns when plaintiff has a method of obtaining them. The court need not at this time pass upon their use as evidence since said returns are now only sought for discovery purposes by plaintiff.

Finally, the court is cognizant of the fact that plaintiff does not have a judgment against the defendants or any of them and has no right at this time to inquire into the assets of defendant taxpayers.

After due consideration of all of these factors the court is of the opinion that no compelling need for the information contained in the income tax returns exists. Therefore, the motion of the defendants for a protective order is granted as to said defendants' said income tax returns and plaintiff's request for production of said returns is denied.

■ The request for production of checks, bank statements and deposit slips presents no question of confidentiality, privilege or immunity. The plaintiff is entitled to have the relevant records produced by the defendants. However, plaintiff is not entitled to a carte blanche order or production of all the records of defendants for the past fifteen years such as it has sought. This would be an intolerable burden and an abuse of the court's processes.

■ The plaintiffs are entitled to a production of the records of the defendants concerning each and every defaulted loan upon which plaintiff has a loss traceable to the conduct of defendants. In connection with such loans, the plaintiff is entitled to have a production of any evidence of receipt by any defendants of any sum of money received as a "kickback" or as a commission or otherwise from any borrower, or promoter or owner, or of any money paid to any appraiser or other person in exchange for inflated appraisals, if any such receipts or payments of money have in fact been so made.

It is, therefore, ordered that defendant's motion to limit discovery of documents, requested by plaintiff in Request to Produce 15, is granted, without prejudice to plaintiff's right to renew such request within 20 days upon the condition that at the time of such renewed motion plaintiff shall supply to the court and the defendants a list of loans upon which it claims said losses, giving the names of the persons, partnerships, or

corporations which are alleged to have received such payments of money together with the dates and amounts of such payments as near as possible.