**Wallace John KONRAD, Plaintiff,**

v.

**Edward E. DeLONG, M.D., Defendant.**

**No. 70 C 453.**

United States District Court,
N. D. Illinois, E. D.

Oct. 27, 1972.

Philip S. Aimen, Chicago, Ill., for plaintiff.

Bernard Harrold, Chicago, Ill., for defendant.

## MEMORANDUM OF DECISION AND ORDER

TONE, District Judge.

The defendant in this medical malpractice case has filed charges against plaintiff's expert before a medical society of which both physicians are members. The charges are based on the expert's report, which was turned over to defendant pursuant to a discovery order. Plaintiff seeks a rule requiring defendant to show cause why he should not be held in contempt for filing the charges and also seeks an order directing defendant to withdraw the charges and enjoining defendant from filing any similar charges in the future based on the report or on testimony plaintiff's expert may give in the case.

An evidentiary hearing on the petition was held before Judge Campbell, to whose calendar the case was then assigned. Petitioner offered evidence. Respondent elected not to offer evidence.

The facts are as follows: Prior to a pretrial conference in this case, Judge Robson, over plaintiff's objection, ordered the parties to exchange reports of their expert witnesses. Pursuant to the order, plaintiff turned over to defendant a copy of a report written by Dr. Ronald B. Baron, which contained Dr. Baron's opinion as to the treatment given plaintiff by defendant. Defendant thereupon wrote a letter to the Lake County Medical Society enclosing a copy of the report and requesting that the Society's Board of Censors "conduct the necessary hearings to establish the true facts," and stating that he considered the report "unethical" and "containing many untruths and not medically sound." The Board initiated proceedings, scheduled a hearing and then postponed it. There is a dispute between unsworn assertions of defendant's counsel and of Dr. Baron as to whether the Board has decided to stay the proceedings until after decision on the main case or only until after the decision on the instant petition. Dr. Baron testified that as a result of the complaint and subsequent proceedings by the Board of Censors, he is reluctant to appear as a witness in this case on behalf of plaintiff.

After reviewing the evidence I have no doubt that the inevitable effect of respondent's complaint and the resulting proceedings before the Society's Board of Censors is to inhibit the witness from giving testimony adverse to respondent. Even if Dr. Baron appears as a witness, the threat of retribution inherent in these circumstances will tend to affect his capacity to state his opinions in his testimony without fear or favor. Defendant's conduct, therefore, has had the effect of intimidating the witness and obstructing justice.

The contempt power of the federal courts has been carefully circumscribed by Congress, and it is quite clear that conduct of the kind involved here, while it may well be an offense under 18 U.S.C. § 1503, is not a contempt under 18 U.S.C. § 401. Nye v. United States, 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172 (1941). Nor would the conduct in question appear to be a civil contempt under the test stated in *Nye*, 313 U.S. at 42, 61 S.Ct. 810.

This is not to say, however, that the Court lacks all power to prevent the intimidation of a prospective witness and the consequent obstruction of justice in a case pending before it. When the Court ordered the exchange of reports of experts it would clearly have had power under Rule 26(c) to prohibit the defendant from using the report as he did. It is not too late to add such a protective provision to the turnover order, Baim & Blank, Inc. v. Bruno-New York, Inc., 17 F.R.D. 346 (S.D.N.Y. 1955), or to undo defendant's abuse of

the discovery process. Moreover, I believe the Court has inherent power to require a party in a case pending before it to refrain from intimidating or discouraging a witness from testifying in that case. The search for truth which is the object of a judicial proceeding can be seriously impaired in such a case as this if we lack that power.

 In order to preserve the integrity of the processes of justice in this case, the following order is entered: Defendant, Edward E. DeLong, his agents, and all persons in active concert and participation with him are ordered to withdraw any charges of unethical or unprofessional conduct which have been filed with the Lake County Medical Society and which were occasioned by, refer to, or arise out of a certain report concerning Dr. Ronald B. Baron's opinion of the medical treatment given plaintiff by defendant, which report was ordered to be produced by this Court; and they are permanently enjoined from filing or causing to be filed any future charges with the Society against Dr. Baron which are occasioned by, refer to, or arise out of any testimony given by Dr. Baron in this case.