**SYLGAB STEEL & WIRE CORPO-RATION, Plaintiff,**

v.

**IMOCO–GATEWAY CORPORATION, Defendant.**

**No. 71 C 1848.**

United States District Court, N. D. Illinois, E. D.

May 16, 1973.

See also D.C., 357 F.Supp. 657.

described it fully in his affidavit accompanying the continuation application.

Arlie O. Boswell, Jr., of Hibben, Noyes & Bicknell, Chicago, Ill., George W. Whitney, of Brumbaugh, Graves, Donohue & Raymond, New York City, for plaintiff.

Thomas E. Dorn, of Kinzer & Dorn, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on plaintiff's motion, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure, to compel defendant to answer plaintiff's Interrogatory No. 17 and to answer further plaintiff's Interrogatory No. 33. The action, arising under the patent laws of the United States, involves the alleged infringement by defendant of plaintiff's patent covering reinforcing rod supports for concrete slabs. Jurisdiction is conferred by 28 U.S.C. § 1338(a).

Interrogatory No. 17 requests defendant to

"(a) specify whether the contacts members [of the allegedly infringing support] are attached to . . . the support . : . by hand or by machine; and

"(b) if the answer to subparagraph (a) hereof is a "machine", further identify: (i) the number of such machines owned by defendant, (ii) a brief description of such machines, (iii) the date each of the machines [was] acquired, and (iv) the manufacturer of each machine."

Objecting to this interrogatory as "wholly immaterial and irrelevant," defendant points out that the patent in suit does not mention the manner of applying the contact members to the metal rod supports. Defendant further submits that the interrogatory represents an attempt by plaintiff to discover defendant's manufacturing techniques and costs "for purely commercial purposes unrelated to the lawsuit."

Plaintiff, however, contends that the interrogatory is indeed relevant, since the answer thereto may substantiate its allegation (Complaint, ¶ 8) that defendant "willfully and deliberately" infringed plaintiff's patent. In support of this position plaintiff asserts (1) that attachment of the plastic contact members by machine is the only economically feasible manner of manufacturing the rod sup-

ports; (2) that it believes that Goodrich Welding Equipment Corporation (hereinafter "Goodrich") was the only manufacturer which produced machines for attaching the contact members in the 1960's; and (3) that, since plaintiff worked with Goodrich on the development of such machines, Goodrich was fully apprised of the patented article. Consequently, plaintiff hopes to establish that defendant purchased such machines from Goodrich between 1965 and 1970 with full knowledge that they were being used in the production of plaintiff's patented rod supports.

 Rule 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ."

Since defendant's objection does not raise a claim of privilege, relevancy is the sole criterion for determining whether the information sought by this interrogatory is discoverable. Moreover, "a flexible treatment of relevance is required" by this Rule. Advisory Committee's Explanatory Statement Concerning Amendments of the Discovery Rules, 48 F.R.D. 487, 498 (1970).

 The Court finds that evidence of defendant's full knowledge of plaintiff's patent is relevant to plaintiff's claim of willful and deliberate infringement; thus, plaintiff is entitled to inquire—for the sole purpose of determining if defendant had knowledge of plaintiff's patent—whether defendant used any Goodrich machines in its production of the accused product prior to 1970 and, if so, when defendant began to acquire such machines. However, the Court further finds that discovery on the remaining portions of this interrogatory is neither necessary to establish plaintiff's claims nor relevant to the subject matter of this action.

 With respect to Interrogatory No. 33, the Court notes that the interrogatory follows up defendant's response to plaintiff's Interrogatory No. 7(a), which sought defendant's grounds for its defense of laches. In pertinent part defendant responded to the interrogatory as follows:

> "From 1966 on, continuously, the Defendant has expended substantial sums in manufacturing and selling the accused products; the Plaintiff sat back for over three and one-half years before referring patent No. 3,278,389 to the attention of the Defendant, and even then . . . delayed almost another year, letting damages accumulate, . . . before bringing this lawsuit . . . ."

Thereafter plaintiff propounded Interrogatory No. 33:

> "With respect to Defendant's Answer to Plaintiff's Interrogatory No. 7(a), separately state:
>
> "(a) The 'sums' 'expended' by Defendant each year from 1966 through 1971 relative to 'manufacturing and selling the accused products' and a brief description as to what such 'sums' relate;
>
> "(b) Whether such expended sums relate to the acquisition of any machines with automatic capping devices thereon for manufacturing the 'accused products'; and
>
> "(c) If the response to subparagraph (b) hereof is in the affirmative, identify (i) the number of such machines, (ii) a brief description of each machine, (iii) the date each machine was acquired, and (iv) the total amount expended for such machines."

Defendant responded to this interrogatory by (1) stating that the only selling expenditures on the accused products which it had been able to isolate had been set forth in the answer to a former interrogatory; (2) specifying the sums expended on capital equipment for the production of the accused products for

**662**

four separate installations; and (3) objecting to the remaining portions of the interrogatory on the same grounds set forth in its objection to Interrogatory No. 17.

The Court concludes that the information requested in subsection (a) of Interrogatory No. 33 is clearly relevant to the defense of laches in that it will tend to prove or disprove the element of prejudice to defendant resulting from plaintiff's delay. Furthermore, the request is simply for an explanation of defendant's assertion that it had expended substantial sums continuously since 1966. As to subsections (b) and (c), however, the Court finds that these requests pertaining to machines are relevant neither to the defense of laches nor to the subject matter of plaintiff's claim. Once defendant has enumerated its capital expenditures for each year beginning with 1966, further explanation as to the specific purchases will tend neither to augment nor to diminish its claim of resulting prejudice. Furthermore, since plaintiff's patent mentions no method for attachment of the contact members, questions as to defendant's use of machines for this process are immaterial.

Plaintiff further has moved for an Order requiring defendant to pay plaintiff's reasonable expenses, including attorney's fees, incurred by this discovery motion on the ground that defendant's objections to these interrogatories were without substantial justification. The Court's findings, however, do not justify an award of expenses to either party.

Accordingly, it is hereby ordered that plaintiff's motion to compel defendant to answer Interrogatory No. 17 and to answer further Interrogatory No. 33 is

(1) denied as to Interrogatory No. 17; provided, however, that plaintiff may propound an amended interrogatory consistent with the Court's findings hereinabove;

(2) granted as to subsection (a) of Interrogatory No. 33; provided, however, that the 'brief descrip-

tions' requested therein may consist of general terms, e. g., 'capital' or 'advertising' expenditures; and

(3) denied as to subsections (b) and (c) of Interrogatory No. 33.