BOARDMAN, Acting Chief Judge.
Appellee/plaintiff, Randall Polly, brought suit against the appellant/defendant Lely Estates, Inc., for breach of an oral contract of employment. As an alternative theory, and in a separate count in the complaint, appellee alleged that he rendered services to the appellant who promised to pay him the reasonable value of the services rendered. According to the allegations of the complaint, appellee was to be paid the sum of $175 per week, plus a 10% salesman’s commission on the real estate sold by him.
The appellant filed its answer contending that the oral contract between the said parties was for the payment of $175 per week only. The appellant, in addition, denied that appellee was entitled to recover on the theory of quantum meruit.
After trial by jury a verdict was rendered in behalf of appellee in the amount of $11,870. Appellant filed this timely appeal.
At the trial it was established, without contest, that the $175 per week had been paid to and received by Mr. Polly during the period of his employment. The testimony showed that two checks in the amount of $1,000 each were also received *167 by Mr. Polly. Appellee contends that those payments were draws against his commission, while appellant claims that they were loans to appellee.
Counsel for appellant, in cross-examination of appellee, attempted to elicit whether the appellee had reported these payments as income on his 1972 income tax return. Timely objection was made to this line of inquiry. The trial court sustained the objection.
Appellant’s first point on appeal is that the trial court erred in refusing to permit counsel for appellant to cross-examine ap-pellee with reference to whether he did report the said two $1,000 payments as income on his 1972 income tax return. We agree that it was error and, therefore, reverse on this point.
Appellant strongly urges and properly so, we submit, that the issue of reporting these payments was crucial to the determination of whether the said checks were a loan or commission (income). Under this factual setting appellant was entitled to full and fair cross-examination of the appellee on this issue. The trial court’s ruling to the contrary denied appellant this right. During argument of counsel before the trial judge on appellant’s motion for directed verdict, after ap-pellee had rested his case, counsel for ap-pellee stated:
It would only be relevant for the purpose of impeachment of him. It is not admissible for that purpose because it would be evidence of the commission of a crime for which the man has not been charged and convicted.
Thus counsel for appellee agrees that the 1972 income tax return would be relevant to impeach appellee’s testimony that the two additional $1,000 checks paid to him by appellant were commission (income).
This precise point was considered and decided in the case of Collins v. Farley, Fla.App. 3rd, 1962, 137 So.2d 593. Our sister court in the cited case stated:
The internal revenue tax returns were admissible evidence bearing upon the issue of plaintiff’s loss of earnings. Merriman v. Cities Service Gas Co., 11 F.R.D. 584 (W.D.Mo.1951); Davis v. Atlantic Coast Line Railroad Co., 227 N.C. 561, 42 S.E.2d 905; Graham Farm Land Co. v. Commonwealth, 363 Pa. 571, 70 A.2d 219.
As mentioned above, counsel for appellee contends that the tax record was not admissible because it may incriminate appellee in violation of his protection against self-incrimination. This position is not well taken. The Florida law on this latter proposition is well settled. One who institutes a law suit waives any right he might have to avoid answering relevant questions even though the answers may be incriminating. See this court’s decision in Minor v. Minor, Fla.App. 2nd, 1970, 232 So.2d 746, affirmed by the Florida Supreme Court at 240 So.2d 301.
Our decision to reverse this cause for the reasons above stated renders it unnecessary to discuss the other points that the appellant raises on this appeal. Accordingly, we find that the trial court’s refusal to admit in evidence the 1972 income tax return of the appellee in the appellant’s case in chief, and refusal to allow appellant’s counsel to cross-examine appellee as to whether he reported the said $2,000 on his income tax return for the year 1972, constitute reversible error. We cannot abide appellee’s contention that the error, if any, .is harmless. The judgment is reversed and the case remanded for new trial.
Reversed and remanded.
GRIMES, J., and MOE, LeROY HAROLD, Associate Judge, concur.