**Libby A. SHAVER, Administratrix of the Estate of Robert D. Shaver, Plaintiff,**

v.

**YACHT OUTWARD BOUND, her engines, appliances, tackle etc., et al., Defendants.**

**No. 75 C 2322.**

United States District Court, N. D. Illinois, E. D.

June 25, 1976.

---

Maurice L. Davis, Hoffman & Davis, Chicago, Ill., Laurence J. Hoch, Kisloff, Hoch, Shuman & Flanagan, Boston, Mass., for plaintiff.

Joseph DuCoeur, Alan I. Becker, Kirkland & Ellis, Joseph V. McGovern, Bradley, Eaton, Jackman & McGovern, Leonard A. Schultz, Jr., Chicago, Ill., for defendants.

## Memorandum

LEIGHTON, District Judge.

### I.

Plaintiff Libby A. Shaver, Administratrix of the Estate of Robert D. Shaver, brought this suit against defendants Thomas F. Erickson, Goldman, Sachs & Co., and a yacht, the Outward Bound, pursuant to the Jones Act, 46 U.S.C. § 688, to recover for the conscious suffering and death of her husband, Robert D. Shaver. The issue before the court, arising from a controversy concerning production of documents, is whether the 1971, 1972 and 1973 federal income tax returns of the defendant Erickson are subject to discovery even though his income is not an issue in the case.

### II.

Count I of the four-count complaint alleged that Shaver was a seaman, a crewmember of the yacht, Debit V (renamed Outward Bound) which was owned by the defendant Erickson; that, at the time in question, Shaver was in the employ of Erickson and Goldman, Sachs; that on or about July 28, 1973, the yacht Outward Bound was afloat on the navigable waters of the United States on Lake Michigan and was being used by Erickson in the pursuit of his business as an employee of Goldman, Sachs; that while Shaver was in the performance of his duties as a crewmember aboard the yacht, assisting in the navigation of the vessel, he fell overboard and drowned; and that his death was not due to his negligence or fault, but was due in whole or in part to the negligence or fault of defendants Erickson, Goldman, Sachs, their employees, agents and servants.

On similar allegations, Counts II and III sought recovery under general maritime law for a crewmember and invitee against

Erickson and Goldman, Sachs. Count IV sought recovery against the yacht Outward Bound, her engines, appliances and tackle.

Defendants filed separate answers to these allegations. In his, Erickson denied negligence on his part and further denied that Shaver was a seaman, crewmember or an employee either of Erickson or of Goldman, Sachs on the yacht Outward Bound. Although Erickson's answer admitted he was a Goldman, Sachs employee, and that the incident occurred on the date and at the place alleged, it denied that at the time he was engaged in the pursuit of Goldman, Sachs' business or that the yacht was being used by him for or on behalf of his employer.

Erickson was deposed concerning his knowledge of the events that led to this lawsuit. In the course of the deposition he stated that he had, at times, used his yacht, the Outward Bound, for business purposes. The notice for his deposition requested that he produce his federal income tax returns for the years 1971, 1972 and 1973, but he refused to do so. Thereafter, plaintiff moved for an order compelling production contending that the returns will reveal the extent to which the vessel had been used in a business capacity and, therefore, are relevant and material to the question whether the Outward Bound was being used for a business purpose on the occasion when Shaver was drowned. Erickson opposed the motion by arguing that production of the returns should not be ordered because his income is not in issue and that the occasional use of his yacht for business purposes is not relevant to the question whether it was being used in a business capacity on the day in question, he having sworn by affidavit that it was not being so used.

### III.

■ Rule 26 of the Federal Rules of Civil Procedure provides, in pertinent part, that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party * * *. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Rule 26(b)(1), Fed.R.Civ.P. The scope of discovery contemplated by the rule is broad, but not unlimited. See *Corbett v. Free Press Ass'n*, 50 F.R.D. 179 (D.C.Vt. 1970); *De Long Corp. v. Lucas*, 138 F.Supp. 805 (S.D.N.Y.1956). The matter sought to be discovered cannot be privileged and must be relevant to the subject involved in the action, whether it relates to a claim or defense of either party. See *Sylgab Steel & Wire Corp. v. Imoco-Gateway Corp.*, 357 F.Supp. 659 (N.D.Ill.1973); *Sayre v. Abraham Lincoln Federal Sav. & Loan Ass'n*, 65 F.R.D. 379 (D.C.Pa.1974).

■ As a general rule, federal income tax returns are subject to discovery in civil suits where a litigant tenders an issue as to the amount of his income. See *Lind v. Canada Dry Corporation*, 283 F.Supp. 861, 865 (D.C.Minn.1968); *Federal Savings & Loan Ins. Corp. v. Kreuger*, 55 F.R.D. 512 (N.D.Ill.1972); *Bush v. Chicago, Burlington & Quincy R. Co.*, 22 F.R.D. 188 (D.C.Neb. 1958); *Karlsson v. Wolfson*, 18 F.R.D. 474 (D.C.Minn.1956); *Tollefsen v. Phillips*, 16 F.R.D. 348 (D.C.Mass.1954). This rule is consistent with the public policy against unnecessary disclosures in order to encourage the filing by taxpayers of complete and accurate returns. *Premium Service Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975). Nevertheless, federal returns are not absolutely privileged from discovery.[1]

■ But it is recognized that because they always have some character of confidentiality, their production should not be

---

1. For example, it is clear that the federal statutory provisions concerning inspection of income tax returns by state bodies, commissions or officials only restrict dissemination of tax returns by the government and does not otherwise make copies of tax returns privileged. See 26 U.S.C. § 6103; *Heathman v. U. S. District Court for Central District of California*,

routinely required. *Troglione v. McIntyre Aviation, Inc.*, 60 F.R.D. 511 (W.D.Pa.1973); *Wiesenberger v. W. E. Hutton & Co.*, 35 F.R.D. 556 (S.D.N.Y.1964). And despite this restricting principle, a showing of good cause for the production of a federal tax return is no longer required. See 28 U.S.C.A. Rules 26–37, Advisory Committee's Explanatory Statement, 147–48; 4A Moore's Federal Practice ¶ 34.05[3] (2d ed. 1975.)

Accordingly, federal courts have been cautious in ordering the disclosure of tax returns insisting, at the very least, that it reasonably appear they are relevant and material to the matters in issue. *June v. George C. Peterson Co.*, 155 F.2d 963, 967 (7th Cir. 1946). In most instances, it has been held that production of a tax return should not be ordered unless there appears to be a compelling need for the information it contains, such as is not otherwise readily obtainable. See *Copper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y.1964.)

## IV.

■ In this case, Count I of the complaint is grounded on the Jones Act. That statute creates a cause of action which can be brought by the personal representative of a seaman injured or killed in the course of his maritime employment. 42 U.S.C. § 688. The count alleges, but Erickson's answer denies, that at the time in question he, as owner of the yacht Outward Bound, was using it in the pursuit of his business as an employee of Goldman, Sachs & Co. and that Shaver was employed as a seaman and crewmember aboard the vessel. Therefore, a critical question raised by Erickson's denials is whether at the time Shaver was drowned Erickson's yacht was being used for a business purpose on Goldman, Sachs' behalf, or for a pleasure voyage.

In this court's view, the extent to which the vessel had been used for business purposes, as may be revealed by the business

deductions shown on the federal tax returns requested of Erickson, is relevant to the factual issue raised by his denials. Indeed, it may be the only source of this information available to the plaintiff. As a party to this lawsuit, Erickson ought not be permitted to raise an issue upon which his tax returns may cast significant light and then claim that his returns are not subject to disclosure. See *Rubenstein v. Kleven*, 21 F.R.D. 183 (D.C.Mass.1974.)

For these reasons, his federal income tax returns for the years 1971, 1972 and 1973 are subject to discovery under the circumstances presented by this case, even though his income is not directly in issue. See *Hawes v. C. E. Cooke & Co.*, 64 F.R.D. 222 (W.D.Mich.1974); *Lavin v. A. G. Becker & Co., Inc.*, 60 F.R.D. 684 (N.D.Ill.1973). It is not enough that he examine the contents of the returns and swear by affidavit to what they contain. See *Merriman v. Cities Service Gas Co.*, 11 F.R.D. 584 (W.D.Mo.1951); *Reeves v. Pennsylvania R. Co.*, 80 F.Supp. 107 (D.C.Del.1948). Therefore, an order will be entered ordering that Erickson produce the requested tax returns for plaintiff's inspection at the continued deposition.

503 F.2d 1032 (9th Cir. 1974); *Karlsson v. Wolfson*, 18 F.R.D. 474 (D.C.Minn.1956). At least two federal courts have held, based on a convincing analysis of the authorities, that income tax returns are not privileged at all. See

*Connecticut Importing Co. v. Continental Distilling Corp.* 1 F.R.D. 190 (D.C.Conn.1940); *Konczakowski v. Paramount Pictures*, 19 F.R.D. 361 (S.D.N.Y.1956).