## Campbell v. Campbell

*T. Max Hall,* for plaintiff.
*Lester L. Greevy, Jr.,* for defendant.

SMITH *J.*, September 14, 1982—Before the court is the motion of plaintiff to compel discovery in the above-captioned matter. The issues presented in this motion have been briefed and orally argued. This matter is now ready for determination.

On February 25, 1981, plaintiff filed a complaint in divorce, thereby instituting the present action. Personal service of the complaint upon defendant was made by the Sheriff of Lycoming County on February 27, 1981. The complaint requests the court, inter alia, to equitably distribute the parties' marital property and to award permanent alimony to plaintiff. On April 10, 1981, plaintiff served a set of interrogatories on defendant.

Defendant's answers to the interrogatories indicated that defendant has been a partner in the Williamsport Candy Company along with his father and uncle since 1976. According to plaintiff, defendant did not completely answer the interrogatories because certain financial information regarding the Williamsport Candy Company was not made available for inspection by plaintiff.

In a letter dated September 9, 1981, counsel for plaintiff requested that defendant furnish (1) financial statement relative to Williamsport Candy Company for the years 1979, 1980 and 1981, and (2) Internal Revenue returns for the Williamsport Candy Company for the years 1979, 1980 and 1981. Defendant has refused to comply with this request, and the above information forms the basis of plaintiff's motion to compel discovery. Alternatively, defendant claims that he has sufficiently answered the interrogatories since he has furnished plaintiff with the K 1 Schedule from the partnership's federal income tax return concerning defendant's portion of the profits.

Initially, it should be noted that discovery in

accordance with the Pennsylvania Rules of Civil Procedure is permitted in divorce actions when there is a claim for alimony or the distribution of marital property: Pa.R.C.P. No. 1920.22(b). Both of these matters are at issue in the case sub judice. Thus, the interrogatories served on defendant by plaintiff were appropriate.

It is defendant's contention that the aforementioned financial records and income tax returns of the Williamsport Candy Company are confidential and therefore such information is not discoverable. In his brief defendant cites the following language from the Pennsylvania Rules of Civil Procedure as authority for his contention:

"Subject to the provisions of Rules 4003.2 to 4003.5 inclusive and Rule 4011, a party may obtain discovery regarding any matter, *not Privileged,* which is relevant to the subject matter involved in the pending action . . ." (Emphasis added.) Pa.R.C.P. no. 4003.1.

Defendant also cites §9 0103 of the Internal Revenue Code in support of his claim of confidentiality. See 36 U.S.C.A. §6103(a).

Courts in various jurisdictions have held, either impliedly or explicitly, that federal income tax returns and return information is not privileged as a matter of law in civil litigation where such information is material to the claims of the parties, and such information is therefore subject to discovery: Kingsley v. Delaware, Lackawanna & Western Railroad Co., 20 F.R.D. 156 (1957); Kine v. Forman, 205 Pa. Super. 305, 209 A. 2d 1 (1965); Currier v. Allied New Hampshire Gas Co., 101 N.H. 205, 137 A. 2d 405 (1957); Leonard v. Wargon, 55 N.Y.S. 2d 626 (1945). One of the stated objectives of the Divorce Code, Act of April 2, 1980, P.L. 63, 23

P.S. §101 et seq., is to effectuate economic justice between the parties to a divorce action and to insure a fair and just determination and settlement of their property rights: 23 P.S. §102. To accomplish this objective, the parties must provide sufficient information so that an accurate and complete picture of their assets and liabilities can be envisioned by the court. Clearly, financial records and federal income tax returns regarding a partnership interest acquired by one of the parties during the marriage are essential to the determination of issues regarding alimony and equitable distribution. Thus, the court concludes that the information requested by plaintiff is not privileged since it is material to the claims of the parties to this divorce action. Plaintiff's motion to compel discovery of the financial statements and federal income tax returns of the Williamsport Candy Company for the years 1979, 1980 and 1981 will therefore be granted.

If defendant does not have copies of the aforementioned federal income tax returns in his possession, §6103 of the Internal Revenue Code provides the mechanism for obtaining such information:

"(e) Disclosure to persons having material interest.

(1) In general. The return of a person shall, upon written request, be open to inspection by or disclosure to . . .

(c) in the case of the return of a partnership, any person who was a member of such partnership during any part of the period covered by the return." 26 U.S.C.A. §6103(e)(1)(C).

Since defendant was a member of the partnership since 1976, he will be able to employ the above mechanism to obtain copies of the federal income

tax returns of the Williamsport Candy Company for the years 1979, 1980, and 1981. Therefore, defendant will be required to furnish copies of these tax returns in his possession or, in the alternative, request copies from the Internal Revenue Service pursuant to the procedure set forth in §6103(c)(1)(C) of the Internal Revenue Code.

### ORDER

And now, September 14, 1982, for the reasons set forth in the above discussion, it is ordered and directed that plaintiff's motion to compel discovery is granted. It is further ordered and directed that defendant (1) furnish to plaintiff financial statements relative to the Williamsport Candy Company for the years 1979 through 1981, inclusive, (2) furnish to plaintiff Internal Revenue returns for the Williamsport Candy Company for the years 1979 through 1981 inclusive, and (3) if necessary, obtain copies of the aforementioned income tax returns in accordance with the procedure set forth in §6103-(e)(1)(C) of the Internal Revenue Code.