Vincent R. **TROGLIONE**,
Plaintiff,

v.

**McINTYRE AVIATION, INC.,** et al.,
Defendants.

**Civ. A. No. 87–72 Erie.**

United States District Court,
W. D. Pennsylvania.
973.
Sept. 13, 1973.

Robert L. Walker, Meadville, Pa., for plaintiff.

William C. Sennett, Erie, Pa., Lawrence J. Holt, Selden, N. Y., for defendants.

MEMORANDUM ORDER

WEBER, District Judge.

This is an action by Plaintiff for recision of an installment purchase contract for the purchase of an airplane

and a counterclaim for breach of contract.

Plaintiff is not seeking any damages for loss of income or impairment of income. Nevertheless, defendant has requested production of plaintiff's income tax returns which plaintiff refuses on the grounds of relevancy. Hence this motion under Fed.R.Civ.P. 37 to compel production.

Defendant asserts that the reason for production of the returns is that they will lead to evidence that plaintiff's real motive in seeking recision was his substantial reduction of income as a result of change of employment which seriously impaired his ability to continue the monthly payments, and not the alleged failure to meet warranty requirements.

The defendant's pretrial narrative indicates this line of defense in that it has been developed by deposition of plaintiff that his compensation was drastically reduced, and that he has been engaged in a private business venture with uncertain income prospects.

■ We believe that the defendant has been provided through discovery proceedings with sufficient access to evidence of plaintiff's financial motives in seeking recision of the contract without the necessity of compelling production of his income tax returns. Such returns are certainly relevant when a question of loss or impairment of income is involved. We do not deny that impaired income is relevant to a motive for seeking to avoid a contract obligation, particularly in view of the strong good faith requirements of the Uniform Commercial Code.

■ But aside from these considerations, income tax returns have always some character of confidentiality and their production should not be routinely required, even though a showing of good cause is no longer required. For these reasons we will deny the motion to compel production of income tax returns.

All other requests of defendant for production have been met and the motion as to these items is now moot.