Hector MALDONADO, Mildred Maldonado, Government of the United States of America, and Government of the Virgin Islands, Plaintiffs,

v.

ST. CROIX DISCOUNT, INC., d/b/a Super Foods, Defendant.

Civ. No. 1977/28.

District Court, Virgin Islands,
D. St. Croix.

Feb. 9, 1978.

Derek M. Hodge, Hodge & Sheen, Christiansted, St. Croix, V. I., for plaintiffs Hector and Mildred Maldonado.

James W. Diehm, Isherwood, Colianni, Alkon & Barnard, Christiansted, St. Croix, V. I., for defendant St. Croix Discount, Inc.

MEMORANDUM OPINION WITH
ORDER ATTACHED

ACTION FOR DAMAGES

WARREN H. YOUNG, District Judge.

This matter is before the Court on the motion of defendant, St. Croix Discount, Inc., for an order compelling plaintiffs, Hector and Mildred Maldonado, to respond to

discovery requests heretofore filed by defendant. Plaintiffs have moved the Court for the issuance of a protective order with respect to matters sought per discovery by defendant.

The instant lawsuit stems from a vehicular collision which occurred on January 28, 1977 along King Street, Christiansted, St. Croix. Plaintiff Hector Maldonado alleges that his vehicle, while stopped, was struck in the rear by a vehicle driven by an employee of defendant corporation while acting in the course and scope of his employment. Plaintiff contends that as a result of said negligence, he suffered, *inter alia*, a severe injury to his neck and cervical vertebrae.

During the initial stages of pretrial discovery, defendant learned that plaintiff had suffered a whiplash injury in 1970, similar to the injuries allegedly suffered in the accident which spawned this litigation. Although plaintiff executed an authorization form waiving objection to defendant's discovery of medical records relating to the 1970 and 1977 injuries, plaintiff refused to authorize blanket discovery of his medical history, objecting to the discovery of any medical records not relevant to the subject matter of this lawsuit.

Defendant also requested that plaintiff produce copies of his income tax returns for the years 1972 through 1976. Plaintiff furnished copies of his W–2 wage and tax statements from 1972–1976 but declined to produce copies of his income tax returns.

With respect to the request for medical records, defendant cites 5 V.I.C. § 855(4) as support for its position that no physician-patient privilege may be claimed by plaintiff in this action since the medical condition of plaintiff is an element of his claim for damages.[1] Defendant notes further that plaintiff cannot, on the one hand, seek protection from exposure of his medical history and, on the other, expose his medical condition before the public by bringing an action for damages arising from his medical condition. McCormick on Evidence (2d ed. 1972) at p. 222. Defendant maintains that the existence or non-existence of pre-existing medical injuries is of crucial importance to this case, that the procedural rules envisage a very liberal construction of the parameters of discoverable matter, and that in any event, defendant cannot make an independent determination as to its need for or the relevance of certain medical information until it has first had the opportunity to discover and examine the same.

Plaintiff counters with the contention that notwithstanding the liberal judicial construction of the rules of procedure pertaining to discovery, matters should not be discoverable where they bear no relevance to the subject matter of the action. Plaintiff asserts that the records pertaining to the 1970 and 1977 whiplash injuries and any records of plaintiff's general physical condition immediately prior to the injury sued upon herein constitute the sole germane medical records. Any broader discovery would be totally unwarranted, plaintiff asserts, and would be violative of the physician-patient privilege. As to the application of 5 V.I.C. § 855(4) to the matter *sub judice* plaintiff posits that said statute cannot be construed to divest him of all privilege rights irrespective of the nexus between the medical information sought and the subject matter of the litigation.

While the positions taken by both parties have considerable merit, the balance of considerations weigh in defendant's favor. Herein, the medical condition of plaintiff is a central legal and factual issue, and plaintiff's medical history is accordingly pertinent. While it is true that segments of plaintiff's history may ultimately prove to be of no significance, the question of what may or may not be helpful to defendant's case is, at this stage at least, for defendant to resolve. Said determination can only be made after defendant has had the opportunity to review said medical records.

---

1. 5 V.I.C. § 855 provides in pertinent part: "Physician-patient privilege . . . (4) there is no privilege under this section in an action in which the condition of the patient is an element or factor of the claim or defense of the patient or of any party claiming as a beneficiary of the patient through a contract to which the patient is or was a party. . . . "

However, to the extent that information of no value to defendant would, if made public, be embarrassing to plaintiff, disclosure should not be mandated. I have afforded plaintiff the opportunity to submit to the Court for *in camera* inspection those segments of his medical history which he feels would so warrant the aegis of a protective order, and plaintiff has advised the Court that no aspect thereof would prove embarrassing upon disclosure. Defendant's motion to compel compliance with its discovery demands as to the medical records will, therefore, be granted.

With respect to the request for production of plaintiff's past income tax returns, I am persuaded by plaintiff that discovery should not be allowed. Although tax returns are not privileged, sound public policy considerations militate against their unnecessary disclosure. Where, as herein, the relevant information can be obtained from alternative sources and where plaintiff has not made an issue of the amount of his past income, there is no need to require plaintiff to fully disclose the contents of his past income tax returns. Wright and Miller, *Federal Practice and Procedure* § 2019, p. 164 (1970) and cases cited therein. All possibly relevant information can be garnered from the W–2 wage and tax statements heretofore made available to defendant, and plaintiff will be estopped from claiming any greater amounts of past income than that reflected in said W–2 statements. Accordingly, defendants motion to compel discovery, as it pertains to plaintiff's past income tax returns, will be denied.