**GUSTAV A. DANIELSON & CO., P.C., Plaintiff**

v.

**ARTHUR WITTY and SECRET HARBOR CLUB CORPORATION, Defendants**

Civil No. 555/1979

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 12, 1980

GUSTAV A. DANIELSON, ESQ., St. Thomas, V.I., *pro se*

PETER A. MARTIN, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for defendants*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Defendants seek a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, R. 26(c) (1966)[1] in response to plaintiff's request that defendants produce certain tax records and bills for attorney's fees. Defendants argue that plaintiff is using discovery "for the purpose of annoyance, embarrassment and oppression," and that the bills for attorney's fees can have no

---

[1] These rules are made applicable to this court by 5 V.I.C. App. IV, R. 7 (1966).

probative value unless the full nature of the attorney's services is disclosed, which would violate the attorney-client privilege. Plaintiff contends that both the tax records and bills are relevant to remaining issues in the case, and thus are discoverable pursuant to Rule 26(b)(1). Thus, before determining the relevance and discoverability of these matters, the court must reiterate the issues remaining for trial.

Defendant Secret Harbor Club Corporation contracted with the plaintiff to provide legal advice concerning the tax consequences to the corporation and its shareholders upon a sale of defendants' assets. Plaintiff contends that defendant Witty, a substantial shareholder of defendant Secret Harbor Club, also was a party to the contract, and is personally liable on the agreement. Plaintiff seeks payment for 35.85 hours of his time, billed at $300 an hour, for 13½ hours of secretarial time billed at $20 an hour, and for $40 in xeroxing costs. The court on December 6, 1979, in ruling on cross-motions for summary judgment, determined that the following factual issues remained for trial:

1. Whether, at the time defendant Witty requested plaintiff's services, Witty was acting on his own behalf in addition to acting as agent for defendant Secret Harbor, thus becoming a party to the contract.
2. Whether plaintiff represented that he had any expertise in the subject matter of the assignment.
   (a) If so, whether the time spent by plaintiff and the billing for the assignment were unjustifiably excessive in light of such expertise, and whether plaintiff was obligated to inform defendants of the elaborate nature of the assignment.
   (b) If so, what is the compensation to which plaintiff is entitled.
3. Whether plaintiff and defendant subsequently entered an enforceable contract regarding the amount and manner in which plaintiff was to be paid.

██ "Although tax returns are not privileged, sound public policy considerations militate against their unnecessary disclosure." Maldonado v. St. Croix Discount, Inc., 77 F.R.D. 501, 503 (D.V.I. 1978); Gustav Danielson & Co., P.C. v. Foster, Civil No. 554-1979 (Terr. Ct., Div. St. T. & St. J., February 12, 1980). This public policy arises from the Government's need to encourage taxpayers to file complete and accurate returns. Premium Service Corporation v.

Sperry & Hutchinson Co., 511 F.2d 225 (9th Cir. 1975). The court believes that the tax records sought by plaintiff bear too little relevance to the subject matter of this action to permit derogation of the public policy against their unnecessary disclosure. See Troglione v. McIntyre Aviation, Inc., 60 F.R.D. 511 (W.D. Pa. 1973); Federal Savings and Loan Insurance Corp. v. Krueger, 55 F.R.D. 512 (N.D. Ill. 1972).

██ Plaintiff seeks all of the personal income tax returns of defendant Witty and all of the returns of entities in which Witty is involved that relate to deficiency assessments. Plaintiff contends they are necessary to demonstrate that Witty "paid a severe economic price in the past for poor tax planning advice," and to establish that Witty "is well acquainted with the 'elaborate nature' of tax planning techniques." Plaintiff argues that these facts are relevant because they will tend to prove that Witty sought plaintiff's services in his personal capacity as well as in his capacity as defendant Secret Harbor Club's agent. The court disagrees.

As stated in its Memorandum Opinion of December 6, 1979, the Restatement (Second) Agency § 146 (1958) provides that there may be an agreement that a principal and its agent are both parties to a transaction. However, in order to determine whether such an agreement existed, the court is required to ascertain what facts the agent or third person knew and believed the other knew or had reason to know, and what representations were made by the agent and third person at the time of the transaction. Id. at Comment a. Therefore, even assuming the tax records sought by plaintiff show that Witty paid a severe price for poor tax planning in the past, thus providing Witty with reason to consult plaintiff as a tax expert, neither that fact nor the tax records would show knowledge of or any representations made by Witty and plaintiff at the time of the transaction.

Plaintiff also contends that the facts established by the tax records will tend to prove:

[1] Witty's reliance on plaintiff's reputation as a tax expert in seeking such advice,

[2] Witty's understanding of the elaborate nature of transactions involved in the selling and liquidation of business ventures, and

[3] the value to defendants of seeking plaintiff's advice to insure that costly mistakes were not repeated.

35

The court, however, does not see how the contents of tax returns will tend to prove these matters nor their relevance to the issues outlined by the court. Indeed, to the extent that these matters are relevant, the court believes they can be established by less drastic means than disclosure of tax records. November v. Hollander, 83 N.Y.S.2d (1948).

██ Consequently, although the court does not adopt the view that tax returns are only subject to discovery when "a litigant himself tenders an issue as to the amount of his income," Federal Savings and Loan Insurance Corp. v. Krueger, supra at 514; Kingsley v. Delaware, Lackawanna & Western Railroad Company, 20 F.R.D. 156, 158 (S.D. N.Y. 1957), it does wish to emphasize that tax returns have some character of confidentiality and their production should not be routinely required. Troglione v. McIntyre Aviation, Inc., supra. This is especially true where, as here, the information that the returns would provide bear such a tenuous relationship to the contested issues. In contrast to that tenuous relationship, the court notes that the cases relied on by plaintiff invariably involve a party who chose to litigate an issue upon which his tax returns cast significant light, such as punitive damages where the defendant's wealth was in issue or loss of income.

█ Plaintiff also seeks all bills received and checks paid by defendants and related entities for professional services relating to tax deficiencies claimed by the Government of the Virgin Islands and for legal services for the proposed sale of defendant Secret Harbor Club Corporation or its assets. Defendant asserts that such bills are not probative unless the full nature of and scope of the legal problems involved is disclosed, and that such disclosure would violate the attorney-client privilege. The court believes, however, that the bills sought could lead to information that is relevant to the issue of whether the time spent by plaintiff and the billing for the assignment were unjustifiably excessive. Nothing in the bills themselves would violate the attorney-client privilege. 5 V.I.C. § 854 (1967). Gustav A. Danielson & Co., P.C. v. Foster, supra. If, as defendants suggest, the probative value of the bills ultimately rests on disclosures that would violate the privilege, plaintiff will be required to cross that bridge when he gets to it.

█ The court, however, does believe the request for bills and checks is too broad. Accordingly, the court will limit the production of documents solely to bills for legal services within four years prior to the date of this order. Wherefore it is

ORDERED that defendants' motion for protective order is granted in part and denied in part, and it is further

ORDERED that insofar as items 1, 2, and 3 in plaintiff's Notice of Taking Deposition, defendants' motion is granted and defendants need not produce the requested documents, and it is further

ORDERED that insofar as items 4 and 5 of plaintiff's Notice of Taking Deposition, the defendants shall produce all legal services bills relating to tax deficiencies and with respect to the proposed sale of Secret Harbor Club Corporation that were rendered within four years of the date of this order.