**FORT WASHINGTON RESOURCES, INC., Plaintiff,**

v.

**Robert H. TANNEN, PH.D., Defendant/counterclaimant,**

v.

**Kirk PENDLETON, Counterclaim defendant,**

and

**Fort Washington Resources, Inc., Plaintiff/counterclaim defendant.**

No. 93–CV–2415.

United States District Court, E.D. Pennsylvania.

Feb. 28, 1994.

Allan C. Preziosi, Lightman & Associates, Philadelphia, PA, for Fort Washington Resources, Inc. and Kirk Pendleton.

Laurence I. Tomar, Elizabeth A. Hunter, Law Office of Laurence I. Tomar, Yardley, PA, for Robert H. Tannen.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant has filed a Motion for Protective Order to protect him from having to expend great time and money to go through his correspondence and determine which documents pertain to the project he was involved in with Plaintiff and Counterclaim Defendant. Plaintiff and Counterclaim Defendant has filed a Cross–Motion to Compel Documents which were requested in its First Request for Production of Documents. For the following reasons, the Motion for Protective Order will be denied and the Motion to Compel will be granted.

*MOTION FOR PROTECTIVE ORDER*

■ To obtain a protective order, the party seeking the protective order bears the burden of showing good cause. *Cipollone v. Liggett Group, Inc.,* 785 F.2d 1108, 1121 (3d Cir.1986), *cert. denied* 484 U.S. 976, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987); *Trans Pacific Ins. Co. v. Trans–Pacific Ins. Co.,* 136 F.R.D. 385, 391 (E.D.Pa.1991). There must be a showing of "particular need." *Cipollone,* 785 F.2d at 1121. "Broad allegations of harm, unsubstantiated by specific examples or ar-

ticulated reasoning, do not satisfy the Rule 26(c) test." *Id.* (citing *United States v. Garrett,* 571 F.2d 1323, 1326 n. 3 (5th Cir.1978)). The burden is not met by "the recitation of expense and burdensomeness [which are] merely conclusory" statements. *Panola Land Buyers Ass'n v. Shuman,* 762 F.2d 1550, 1559 (11th Cir.1985).

■ Defendant has failed to meet the burden of showing good cause. His assertion that producing the documents would take too much time and expense is unsupported by the necessary particularized facts and details regarding the amount of time or expense and why such amounts are unduly burdensome. Accordingly, a protective order will be denied.

*MOTION TO COMPEL*

■ Discovery may be had if the material sought is "relevant to the subject matter" and if it is "not privileged." Fed.R.Civ.P. 26. "Relevant matter encompasses any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case." *Leksi, Inc. v. Federal Ins. Co.,* 129 F.R.D. 99, 104 (D.N.J. 1989) (citing *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947)). "The question of relevancy is to be more loosely construed at the discovery stage than at the trial." *Id.* (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2008). After a review of the complaint and answer in conjunction with this motion and the opposition to the motion, we have determined that the materials requested are relevant to the issues in the case, specifically to the contract between the parties and the purported breaches thereof. Further, it is not a bar to the discovery of relevant material that the same material may be in the possession of the requesting party or obtainable from another source. *Federal Deposit Ins. Corp. v. Renda,* 126 F.R.D. 70, 72 (D.Kan.1989), *aff'd, Federal Deposit Ins. Corp. v. Daily,* 1992 WL 43488, 1992 U.S.App. LEXIS 4207 (10th Cir. Mar. 3 1992). Thus, Defendant must produce the requested documents regardless of their existence in the possession of Plaintiff or of their accessibility through the subcontractors.

 Defendant specifically asserts that his income tax returns are not relevant and should not be compelled. While, there is a public policy favoring the non-disclosure of income tax returns as confidential communications between a taxpayer and the government, *DeMasi v. Weiss,* 669 F.2d 114, 119 (3d Cir.1982), this must be balanced with the public policy favoring liberal discovery. *Sharp v. Coopers & Lybrand,* 83 F.R.D. 343, 352 (E.D.Pa.1979). To determine whether tax returns in a given case are discoverable, courts have applied a two part test. First, the party seeking discovery bears the burden of demonstrating relevance. If relevant, the tax returns will be discoverable unless the party resisting discovery meets its burden of proving there is no compelling need for the tax returns because the information available in the tax returns can be obtained from other sources. *Terlescki v. E.I. duPont de Nemours & Co.,* Civ. No. 90–6854, 1992 WL 75015, at * 1, 1992 U.S.Dist. LEXIS 4213, at * 2–3 (E.D.Pa. April 7, 1992).

 Defendant's tax returns are relevant to the issue of whether or not Defendant was paid all money he was due under the contract. In *Terlescki,* it was alleged that the plaintiff was not paid $75,000 due on an employment contract. *Id.* at * 1, 1992 U.S.Dist. LEXIS 4213, at * 1. The court found that was sufficient for defendant to establish relevance. *Id.* at * 1, 1992 U.S.Dist. LEXIS 4213, at * 3. In the instant case, Plaintiff has established that Defendant put into question whether or not he was paid the full amount due to him under the contract. Thus, it has met its burden and established relevance. In *Terlescki,* however, the tax returns were not compelled because it was shown that the information could be obtained from his W–2 forms and pay stubs which had already been produced. *Id.* at * 2, 1992 U.S.Dist. LEXIS 4213, at * 5. In the instant case, the burden has not been met, as Defendant has not shown an alternative source from which Plaintiff can obtain the relevant information.

Accordingly, Defendant must produce documents responsive to Plaintiff and Counterclaim Defendant's First Request for Production of Documents.

An appropriate Order follows.