Nicholas T. ALIOTTI, Plaintiff,

v.

The VESSEL SENORA,
et al., Defendants.

No. C–03–0102 CW (EMC).

United States District Court,
N.D. California.

Sept. 2, 2003.

David W. Evans, Steven M. Cvitanovic, Haight Brown & Bonesteel LLP, San Francisco, CA, for Plaintiff.

Cory A. Birnberg, Birnberg & Associates, San Francisco, CA, for Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER, AND DECLINING TO ISSUE SANCTIONS

EDWARD M. CHEN, Magistrate Judge.

This matter came on for hearing on August 27, 2003. Steven Cvitanovic of Haight, Brown & Bonesteel appeared on behalf of the Plaintiff and Cory Birnberg of Birnberg & Associates appeared on behalf of Defendant. Having considered the papers filed in support of and in opposition to Defendant's motion to compel production of documents, Defendant's motion for protective order, the Courts order to show cause regarding sanctions for a late-filed brief, the argument of counsel, and good cause appearing therefor, the Court denies Defendant's motion to compel documents, grants Defendant's motion for protective order, and declines to issue sanctions against Plaintiff.

## I. BACKGROUND

Plaintiff alleges that he had an oral agreement with Defendant to serve as a crewmember of the F/V Senora for 15% of the catch, and was therefore a "seaman" under the Jones Act, 46 U.S.C. § 688. Complaint, ¶¶ 9–10. Plaintiff lost two fingers on his right hand while reeling a herring net aboard the vessel in December 2001, and the usefulness of his hand continues to deteriorate. *Id.* at ¶¶ 11, 14. Plaintiff sued for (1) maintenance and cure, (2) negligence, (3) unseaworthiness, (4) and liability *in rem* against the F/V Senora. *Id.* at ¶¶ 12–34.

In an August 22, 2003 ruling from the bench, Judge Wilken granted summary judgment in favor of Defendant Norval McGregor, the previous owner of the S/V Senora, but denied a motion for summary judgment in favor of the boat's current owner, Defendant Bruce McGregor.

## II. PLAINTIFF'S TAX RETURNS

Defendant made the following requests for production related to Plaintiff's financial records:

1. Every check stub, W–2 Statement, or other document in your possession or control which shows any of your earnings during a five year incident to the present (RFP # 7).

2. Every financial statement, profit and loss statement, earnings statement, checking account register or other document in your possession or control for any income received from any source other than the defendant which you content show, your earnings from five years before the incident to the present (RFP # 8).

3. Every federal tax return which you have filed for the years 1997 up to and including 2001 (RFP # 9).

4. Any and all documents which you contend support your claim for lost wages, past and future (RFP # 15).

5. Any and all documents evidence monies earned since December 11, 2001 (RFP # 17).

Plaintiff produced one W–2 Wage and Tax Statements for each year between 1998 and 2002. As the papers and oral argument make clear, at issue is Defendant's entitlement to Plaintiff's tax returns.

Both parties acknowledge that tax returns are not absolutely privileged. *Heathman v. District Court,* 503 F.2d 1032, 1035 (9th Cir.1974); Wright, Miller & Marcus, Federal Practice and Procedure § 2019 p. 306 (1993). However, the Ninth Circuit recognizes "a public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.,* 511 F.2d 225, 229 (9th Cir.1975); *see also Heathman,* 503 F.2d at 1035. Accordingly, the Court may only order the production of plaintiff's tax returns if they are relevant and when there is a compelling need for them because

the information sought is not otherwise available. *Gattegno v. Pricewaterhousecoopers, LLP,* 205 F.R.D. 70, 71–72 (D.Conn.2001); *Fort Washington Resources, Inc. v. Tannen,* 153 F.R.D. 78, 80 (E.D.Penn.1994); *Terwilliger v. York Int'l Corp.,* 176 F.R.D. 214, 216–17 (W.D.Va.1997); *Flores v. Albertsons, Inc.,* 2002 WL 1163623 at *3 (C.D.Cal.2002).

■ The Court finds that while Plaintiff's tax returns are clearly relevant under Fed. R.Civ.P. 26(b)(1) in order to properly assess lost earnings, maintenance, and cure, Defendant has not met its burden of establishing a compelling need. On the one hand, Defendant has a legitimate basis for concern given Plaintiff's lack of clear recollection of all his prior jobs and earnings at his deposition. *See Tollefsen v. Phillips,* 16 F.R.D. 348 (D.Mass.1954) (in Jones Act injury case, there was good cause for plaintiff to provide his pre-injury tax returns where his deposition indicated he had "a hazy recollection" of his past earnings and he did not keep other financial records of his past earnings). Defendant has reason to believe that Plaintiff will claim additional earnings not reflected in the W–2s he has produced. At the hearing, Plaintiff was not willing to stipulate that the amount of pre-injury earnings Plaintiff anticipates claiming will necessarily be limited to those amounts listed in the W–2s heretofore provided. Thus, Plaintiff has not produced complete documentation of his earnings.

Nonetheless, the Court denies Defendant's motion because there are less intrusive means by which Defendant can obtain the needed information which have not been exhausted. For example, Defendant can obtain by focused interrogatories Plaintiff's identification and explanation of all sources of income during the relevant time period before and after the accident. Indeed, as the Court suggested at the hearing, Defendant can propound an interrogatory that directly asks what Plaintiff's total earnings were for each year in question as reported in Plaintiff's tax returns—Plaintiff's counsel stated at the hearing he would not object to such an interrogatory. The Court believes this method strikes the correct balance under *Premium Serv. Corp* and *Heathman* because it "eliminates the need to delve into . . . any accompanying personal information that is patently irrelevant to the case." *Terwilliger,* 176 F.R.D. at 218. Plaintiff would then be estopped from claiming higher pre-injury income than the amount stated in response to the interrogatory. *See Maldonado v. St. Croix Discount, Inc.,* 77 F.R.D. 501, 503 (D.Vi.1978) (court denied defendant's motion to compel tax returns of plaintiff who provided W–2 forms, but ruled that plaintiff would be estopped from claiming any greater amounts of past income).

To be sure, if after employment of these alternative less intrusive means, Defendant has reason to believe that the information provided by Plaintiff is untruthful or incomplete, the Court will considered a renewed motion on shortened time to require disclosure of the some or all of the tax returns. However, any such motion will have to be based on an objective showing of cause, not sheer speculation.

Defendant made the additional argument, without citing any authority, that it is entitled to Plaintiff's tax returns for impeachment purposes. The Court rejects this argument. First, the argument was not properly raised in its moving papers. Second, "the courts have in appropriate circumstances protected materials that are primarily of an impeaching character." Fed.R.Civ.P. 26(b) 1970 Amendment Advisory Committee Notes discussing Subdivision (b). Given the privacy concerns that attach to tax returns, this is such a circumstance. Defendant's impeachment argument is the kind of "fishing expedition" that would undermine the "public policy against unnecessary public disclosure" of tax returns. *Premium Serv. Corp.,* 511 F.2d at 229.

Defendant's motion to compel production of Plaintiff's unemployment insurance records from Washington State Employment Security is denied without prejudice because Plaintiff has represented that it has now obtained those records and will provide them to Defendant. Should Plaintiff fail to do so or if Defendant has cause to believe those records are not accurate or complete, it may renew its motion on shortened time.

Defendant's motion is therefore denied without prejudice. The Court trusts that the

parties will be able to resolve this matter in light of the Court's ruling. Plaintiff stipulated that if necessary, he would permit discovery beyond the discovery cut-off, and the Court would hear any renewed motion on shortened time of ten days.

### III. FINANCIAL RECORDS REGARDING THE S/V SENORA

Defendant moves for a protective order regarding two subpoenas Plaintiff issued last June regarding "any business transactions" of the Defendant from the California Department of Fish & Game (CDFG) and Woodbine, Alaska since 1999, arguing that the subpoenas are overbroad. At the hearing, both parties demonstrated a willingness to work toward narrowing discovery on this matter.

 The Court finds that these records are relevant under Fed.R.Civ.P. 26(b)(1) because status as a employee or a joint venturer is a key liability issue under the Jones Act. *Glynn v. Roy Al Boat Management Corp.*, 57 F.3d 1495, 1498 (9th Cir.1995); *Cosmopolitan Shipping Co. v. McAllister*, 337 U.S. 783, 795, 69 S.Ct. 1317, 93 L.Ed. 1692 (1949).

Norval McGregor is no longer a defendant in this case. Bruce McGregor did not obtain ownership of the vessel until March, 2001, which is the year of Plaintiff's accident. Thus, records dating back to 1999 sought by Plaintiff are not relevant to the claim or defenses remaining in this case. The Court therefore grants Defendant's motion for protective order. However, Plaintiff may redraft another subpoena limiting information to the period spanning Bruce McGregor ownership of S/V Senora to the end of the fishing season in which Plaintiff's injury occurred. Thus, Defendant shall provide business records between March, 2001 and May, 2002, reflecting the fact that there may be a time lag between the end of the fishing season in February and the settling of the S/V Senora's accounts for that season.

### IV. SANCTIONS

 The Court ordered Plaintiff to file a brief to show cause why sanctions in the

amount of fees and costs incurred in Defendants' filing their first reply (in response to Plaintiff's failure to timely file his opposition) should not be assessed because of Plaintiff's failure to comply with the standing order of this Court. The Court finds that sanctions are not warranted here because the untimeliness was minor and because neither side was ultimately prejudiced.

### V. CONCLUSION

For the reasons stated above, the Court hereby (1) DENIES without prejudice Defendant's motion to compel production of documents, (2) GRANTS Defendant's motion for protective order but shall permit Plaintiff to seek more narrowly tailored subpoenas, and (3) DECLINES to issue sanctions for Plaintiff's late-filed brief.

IT IS SO ORDERED.